## BROWN v. LEO.

Circuit Court of Appeals, Second Circuit.
June 17, 1929.

No. 267.

128

Harry L. Allen, of Hornell, N. Y., for appellant.

John Griffin, of Hornell, N. Y., for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ■ The long and unexplained delay by the trustee in administering this estate was ample warrant for the disallowance of interest on money he advanced to pay expenses he incurred. There is nothing in the record to indicate that the estate lacked funds which could not under proper order have been applied to the payment of all necessary expenses, and, though we do not question the right of the trustee to be reimbursed for necessary expenses he paid out of his own funds, no reason has been made apparent why such advances should be made an interest-bearing investment for the years required by his dilatory conduct to settle this estate. On the record before us the decision of the court below respecting this interest claim will not be disturbed.

■ The disallowance of interest on claims of creditors presents a different question. It is true that ordinarily the creditors of a bankrupt cannot be paid in full, and that interest on unsecured claims stops when the petition is filed. With the exception of after-accruing interest on the security held, this applies to secured claims as well. Board of Com'rs of Shawnee County v. Hurley et al. (C. C. A.) 169 F. 92; Sexton v. Dreyfus and Sexton v. Lloyds Bank, 219 U. S. 339, 31 S. Ct. 256, 55 L. Ed. 244. The manifest reason for this is that on that date each creditor has an equitable interest in the bankrupt estate, which is that proportion of the net assets that the amount of his provable claim bears to the total of the provable claims. If his claim is proved and allowed, he is entitled to share in the net assets to the extent of the proportion it bears to the total amount of claims proved and allowed. The assertion that a result broadly as equitable could be reached if interest were allowed to the date of distribution cannot, perhaps, be denied as a matter of fact; but the time when interest stops had to be established as of some date, and it has already been fixed as a matter of law as the date of the filing of the petition. Bankruptcy Act, § 63 (11 USCA § 103), and cases supra.

■ But this estate will be solvent, and neither the rule nor the reason for stopping interest at the date of the filing of the petition applies to an estate which turns out to be solvent. Johnson v. Norris (C. C. A.) 190 F. 459, L. R. A. 1915B, 884, and cases there cited. It is said, however, that the appellee should not be made to pay interest on creditors' claims, as in effect she will, if interest is allowed. That seems quite beside the point. The recovery by the trustee of the property deeded to her and the recovery of the use of that property is what makes the estate solvent. She was a party to the transfer that resulted in the bankrupt's inability to pay his debts in full, and the use she has had of that property during the time she participated in the fraud upon creditors has been found to be worth more than she will be called upon to pay after the interest on these claims is allowed. She does nothing but return to creditors what she has wrongfully helped to take from them.

The decree of the District Court is modified, to allow interest in full on claims of creditors in conformity with this opinion, and, as so modified, is affirmed.