113 F.2d 266 (1940)
In re DEEP ROCK OIL CORPORATION.
STANDARD GAS & ELECTRIC CO.
v.
TAYLOR et al.
No. 2106.
Circuit Court of Appeals, Tenth Circuit.
June 29, 1940.
George S. Ramsey, of Tulsa, Okl. (Villard Martin and Garrett Logan, both of Tulsa, Okl., on the brief), for trustee of debtor.
Nathan A. Gibson, of Tulsa, Okl., and Jacob K. Javits, of New York City (A. Louis Flynn, of Chicago, Ill., Selig J. Levitan, of New York City, and Wilbur J. Holleman, of Tulsa, Okl., on the brief), for appellant.
Jason L. Honigman, of Detroit, Mich. (Travis I. Milsten, of Tulsa, Okl., and Milton J. Miller, of Detroit, Mich., on the brief), for appellee Independent Committee for Protection of Holders of Preferred Stock of Deep Rock Oil Corporation.
James F. Oates, Jr., of Chicago, Ill. (Paul V. Harper, of Chicago, Ill., and Valjean Biddison, of Tulsa, Okl., on the brief), for appellee Reorganization Committee.
Bernard D. Cahn, of Washington, D. C. (Chester T. Lane, Raoul Berger, and Irving S. Rogers, all of Washington, D. C., on the brief), for appellee Securities and Exchange Commission.
Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.
HUXMAN, Circuit Judge, delivered the opinion of the court.
This appeal and motions to dismiss are further steps in the long-drawn-out legal proceedings involved in the reorganization of the Deep Rock Oil Corporation, herein called Deep Rock. This proceeding involves the rights and basis of participation of preferred stockholders of Deep Rock and of the Standard Gas and Electric Company, herein called Standard, in the assets of Deep Rock.
*267 On June 19, 1934, Deep Rock filed its petition under Sections 77A, 77B of the Bankruptcy Act, 11 U.S.C.A. §§ 206, 207 and note, for reorganization. At that time its capital structure consisted of $10,000,000 publicly owned six per cent notes, 50,000 shares of publicly owned preferred stock, par value $100 per share, and 580,000 shares of common stock. Practically all of the common stock of the Deep Rock was owned at that time by Standard. In addition to its ownership of the common stock, Standard also had a claim against Deep Rock of approximately $9,000,000. After long and involved proceedings, a plan of reorganization was approved by the District Court. By the terms of the plan the note issue of $10,000,000 was recognized as a first and prior claim against Deep Rock's assets. The claim of Standard was allowed for $5,000,000. The plan of reorganization provided that $10,000,000 in notes should be issued to the note holders by the reorganized company; that the claim of the Standard in the sum of $5,000,000 was prior to that of the preferred stockholders; that the Standard should be allotted 73% of the common stock of the reorganized company for its claim, and the preferred stockholders should be allotted 20% of the new common stock of the reorganized company. An appeal was taken by certain of the parties to the Circuit Court of Appeals, where the decision of the trial court was affirmed. Taylor v. Standard Gas & Electric Co., 10 Cir., 96 F.2d 693, certiorari was granted. 305 U.S. 584, 59 S.Ct. 96, 83 L.Ed. 369. The Supreme Court reversed and remanded the case to the District Court for further proceedings in conformity with its opinion. Taylor v. Standard Gas & Electric Co., 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669.[1]
After the filing of the mandate from the Supreme Court, further extensive negotiations were carried on by the interested parties in an effort to agree upon a new plan of reorganization in conformity with this mandate. These negotiations proved unsuccessful. Thereafter, on December 5, 1939, The Independent Preferred Stockholders Committee filed a petition for an order to be entered by the District Judge, pursuant to the mandate of the Supreme Court. On December 28, 1939, Standard filed with the District Court an amended claim, and on January 29, 1940, filed a petition renewing its assertion of ownership to the assets of Deep Rock. On January 29, 1940, evidence was presented and arguments were had on the respective contentions of the various parties. On February 29, 1940, the District Court made findings of fact and conclusions of law and entered its judgment. The court concluded that under the opinion and mandate of the Supreme Court of the United States it was required to enter an order providing that the Standard's claim, if any, must be subordinated to the principal and interest owing to note holders and the principal and accumulated dividends owing to the preferred stockholders, as follows:
1. (a) To the note holders, $10,000,000 in principal and $4,200,000 in unpaid interest, less an interim distribution of $1,200,000.
(b) To the preferred stockholders, $5,000,000 in principal and $3,150,000 accumulated dividends.
2. That these claims, totaling $21,150,000, were in excess of the fair value of the debtor's assets as shown by the appraisal of approximately $17,000,000, which was approved in the decision of the Supreme Court of the United States.
3. That thus no equity remained for the Standard in the debtor's assets and hence the Standard's claim, in whatever amount, was valueless and that Standard was not entitled to participate in any plan of reorganization of debtor.
From this ruling an appeal has been taken to this court by Standard. Motions have been filed by appellees John M. Taylor, Oscar A. Kennedy and H. Russell Hastings, as the Independent Committee for the Protection of Holders of Preferred Stock of the Deep Rock; by John J. Shinners, Newton P. Frye, Robert F. Holden, John H. Mason, Albert J. Robertson and Charles S. Sargent, as a Reorganization Committee; H. N. Greis, as the Trustee of Deep Rock; and the Securities and Exchange Commission, asking that the appeal be dismissed or that the decision of the trial court be affirmed on the merits.
The motion to dismiss will be denied and the appeal will be considered on the merits.
*268 It is the contention of Standard that its claim has never been adjudicated on its merits, either in the trial court or in the Supreme Court; that all the Supreme Court decided was that the proposed plan of reorganization, approved by the trial court, was unfair because it subordinated the preferred stockholders to Standard; that there is no suggestion in the opinion of the Supreme Court that Standard's claim be subordinated to the preferred stockholders; that if a reorganization is effected, control should be divided so that the preferred stockholders have at least an equal voting right with Standard and a right of participation in the equity prior to that of Standard; that the Supreme Court expressly declined to consider or adjudicate the merits of Standard's claim, restricting its decision to what may be included in a plan of reorganization, and that it did not hold that Standard's claim must be subordinated under any circumstances other than in terms of securities received by Standard under a voluntary reorganization plan; that on the contrary, the Supreme Court expressly contemplated that stock be awarded to Standard in any reorganization; that the court left open the amount of Standard's claim in the absence of an agreed plan of reorganization and the extent of Standard's participation.
We do not so interpret the decision of the Supreme Court. It is true, as contended by Standard, that the amount of its claim has never been passed upon, but its standing in the event of either a reorganization or liquidation of Deep Rock has been established. Originally Standard asserted a claim of more than $9,000,000 against Deep Rock. In the compromise plan worked out and approved by the trial court, this claim was reduced to $5,000,000. The plan provided that the claim of the preferred stockholders was subordinated to that of Standard. That was the question decided by the Supreme Court. The opinion of the Supreme Court states [306 U.S. 307, 59 S. Ct. 550, 83 L.Ed. 669]: "Equity requires the award to preferred stockholders of a superior position in the reorganized company." This language can mean only that the claim of preferred stockholders is superior to that of Standard and must be allowed and paid before that of Standard, and this is true whether there is a voluntary reorganization or liquidation. If this is not so, the claim of the preferred stockholders would not be superior. This construction is further evidenced by the following language of the court: "If a reorganization is effected the amount at which Standard's claim is allowed is not important if it is to be represented by stock in the new company, provided the stock to be awarded it is subordinated to that awarded preferred stockholders."
Again, this language can only mean that the preferred stockholders have a superior claim which must first be satisfied and that any balance remaining thereafter belongs to Standard, which owned all the common stock. As the owner of the common stock, it was entitled to receive whatever assets remained, irrespective of the relation of their value to its claim against Deep Rock. That this is so is also evidenced by the language which immediately follows the above quotation, in which the court says: "No plan ought to be approved which does not accord the preferred stockholders a right of participation in the equity in the Company's assets prior to that of Standard, * * *."
If the contention of Standard that the balance of the assets must be divided between the preferred stockholders and it on some ratable basis is to be sustained, this language would be meaningless, because in that event the preferred stockholders would have a claim prior only in part to that of Standard.
Standard contends that the following language of the Supreme Court: "In the present case there remains an equity after satisfaction of the creditors in which only the preferred stockholders and Standard can have an interest," means that Standard is to participate with the preferred stockholders on an equitable basis in the division of the remaining assets. We do not so construe the opinion of the Supreme Court.
An analysis of the opinion by Justice Roberts reveals that he considered a value of the assets of Deep Rock of $16,800,000, and the first preferred claim of the note holders at $11,200,000. He then states that the equity remaining in the property is not over $5,800,000. This is the equity he had in mind when he stated that "* * * there remains an equity after satisfaction of the creditors in which only the preferred stockholders and Standard can have an interest." It must also be borne in mind that the assets of Deep Rock consisted of oil property and leases, property that fluctuates greatly and increases rapidly in value, and that the court could have contemplated an *269 enhanced value of these assets in which Standard would share.
We think the trial court correctly interpreted the mandate of the Supreme Court to require that the claim of the note holders be first satisfied; that the claim of the preferred stockholders be next satisfied; and that any balance remaining belonged to Standard. It was therefore unnecessary to determine or pass upon the exact amount of the claim of Standard, because all the balance remaining after the satisfaction of the two preferred classes of creditors, if any, was its property.
Standard asserts that the court was in error in allowing interest to the note holders in the sum of $3,000,000, and to the preferred stockholders in the sum of $3,150,000, and contends that after this interest is deducted, there remains an equity in the property of approximately $2,500,000, to which it is entitled even though its claim is subordinated to that of the preferred stockholders.
A creditor holding a prior lien is entitled to interest to the date of the payment out of the proceeds derived from the property covered by such lien. Spring Coal Co. v. Keech, 4 Cir., 239 F. 48, L.R.A.1917D, 1152; Central Trust Co. v. Condon, 6 Cir., 67 F. 84; McFarland v. Hurley, 5 Cir., 286 F. 365; Board of Com'rs of Sweet Water County, Wyo. v. Bernardin, 10 Cir., 74 F.2d 809.
Where in the administration of the affairs of an insolvent corporation there are claims of different rank, the holders of prior claims are entitled to interest to the time of payment, even though the payment thereof may deprive the holders of subsequent claims of any participation in the funds of the bankrupt. Spring Coal Co. v. Keech, supra; Board of Com'rs of Sweet Water County, Wyo. v. Bernardin, supra; American Iron & Steel Co. v. Seaboard Air Line Ry., 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949.
The court found that the claims prior to Standard's exceed in amount the value of the assets of Deep Rock so that the claim of Standard was valueless, and that therefore it was not entitled to participate in any plan of reorganization. An order approving a plan of reorganization is not a judgment. It is but a step in the administration of the debtor's estate. It does not deprive the court of jurisdiction of the bankrupt estate. 11 U.S.C.A. § 207 sub. h; Wright et al. v. City National Bank & Trust Co. of Battle Creek, et al., 6 Cir., 104 F.2d 285; Meyer et al. v. Kenmore Granville Hotel Co., et al., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557.
If, before the final consummation of any plan of reorganization, the assets of Deep Rock should so increase in value that there would be a substantial equity to be applied to the satisfaction of Standard's claim, the court under its broad equitable powers would have power to procure a modification of the plan to make available this equity to Standard. The present status of Deep Rock sustains the finding of the court that there is no equity to be applied to the satisfaction of Standard's claim.
The decision of the trial court is affirmed.
NOTES
[1] For a detailed statement of the facts concerning the history of Deep Rock, its financial difficulties, and the steps in its attempted reorganization proceedings, see Taylor v. Standard Gas & Electric Co., 10 Cir., 96 F.2d 693; Taylor v. Standard Gas & Electric Co., 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669.