In re NORCOR MFG. CO.

No. 16633.

District Court, E. D. Wisconsin.

Jan. 30, 1941.

Seymour Cohen, of Chicago, Ill., for J. J. Schmitt, creditor.

W. B. Surplice, of Green Bay, Wis., for debtor trustee.

J. E. McCarthy, of Marinette, Wis., for Norcor Holding Co.

DUFFY, District Judge.

Proceedings were commenced against debtor in this court under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, by a creditors' petition filed on October 22, 1935. On December 26, 1936, this court referred to W. L. Evans, as special master, the question of solvency or insolvency of the debtor corporation, and also for a determination of various claims and interests of creditors, bondholders, and stockholders. On February 9, 1937, the special master filed his report, finding that the debtor corporation was insolvent on October 22, 1935, the date of the filing of the creditors' petition, and this report was approved by the court. One of the claims considered by the special master was that of Joseph J. Schmitt. This claim was based upon a written contract entered into by the debtor corporation under date of June 3, 1929, under which certain royalties were to be paid to Schmitt upon chairs to be manufactured by the debtor.

Prior to the proceedings in this court, there was a receivership in the State court. The special master made an allowance of $36,651.98 for Schmitt's claim antedating the State receivership, and for $22,268.56 for his claim which accrued during the receivership. Although not directed to do so, the special master computed interest upon each of said claims up to February 10, 1937. The reason for this date being chosen is unknown. The special master did not file his report in this court until July 9, 1938. Thereafter this court, by order dated January 17, 1939, sustained in part and reversed in part the special master's report as to the Schmitt claim. Upon appeal to the U. S. Circuit Court of Appeals, the master's allowance of the claim was sustained. In re Norcor Mfg. Co., 7 Cir., 109 F.2d 407. Nothing was said in this opinion about the computation of interest which had been made by the special master, and it is apparent that no consideration was given thereto.

This court has ordered and there has been made an appraisal by the American Appraisal Company, and an audit by Ernst and Ernst. It appears from the reports of said concerns, on file herein, that the debtor is no longer insolvent. A plan of reorganization has been proposed which contemplates the payment of the Schmitt claim in full, together with interest. However, Schmitt now claims that when the master's report as to his claim was finally confirmed, it became a judgment, and that he is entitled to interest upon it. The total face value of his claim was allowed at $58,920.54; interest computed thereon up to February 10, 1937, amounts to $11,411.04. The total of said principal and interest thus computed amounts to $70,331.58. Schmitt now asks that he be allowed interest upon that sum from February 10, 1937, to the date of payment, and claims he is justified in asking for compound interest.

The debtor and trustee, however, contend that Schmitt should be allowed the principal of his claim, plus 6% interest down to the date that same is paid. The difference between these two contentions amounts to approximately $2,738.00, figuring interest up to January 30, 1941.

The action of the special master in computing interest on the Schmitt claim was entirely gratuitous. He had theretofore determined that the debtor was insolvent on October 22, 1935, the date of filing the petition to reorganize the debtor. This court had confirmed that finding. It is well settled that the filing of the petition stopped, or at least suspended, interest as of the date of filing the petition. § 63 sub. a, (1) and (5) of the Bankruptcy Act, 11 U.S.C.A. § 103 sub. a (1, 5); Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L. Ed. 244; Mortgage Loan Co. v. Livingston, 8 Cir., 78 F.2d 517; Brown v. Leo, 2 Cir., 34 F.2d 127. If the debtor continued insolvent, no interest would be allowed. As far as the special master knew at the time he made his report, the debtor was still insolvent, and therefore the computation of interest up to February 10, 1937, or any other date after the filing of the petition, was of no moment.

The allowance of the Schmitt claim by the master on July 9, 1938, did not change the claim into a judgment. It was not payable or due on said date. It was merely a determination of the amount that had accrued under a contract between Schmitt and the debtor, and it was still a claim against an insolvent estate.

■ There is no statutory authority for allowing compound interest on claims that are allowed in bankruptcy. After the filing of a petition, a creditor usually forgets about interest because in the ordinary bankrupt estate there are not sufficient assets to pay the face of the claims. Very occasionally, as here, due to good management or other fortuitous circumstances, the debtor becomes solvent. The only effect of such change in status of the debtor is that the accrual of interest, which was stopped or suspended by the filing of the petition, is in effect reinstated. The suspension of such an accrual of interest is lifted, but all that the creditor is entitled to is the face of his claim, plus accrued interest at the legal rate to the date of payment.

The contract which is the basis of the Schmitt claim did not call for interest. Section 115.05 of the Wisconsin Statutes provides: " * * * in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest, unless an agreement to that effect is clearly expressed in writing, and signed by the party to be charged therewith."

■ From a mathematical standpoint, no one has questioned the accuracy of the special master's computation of interest to February 10, 1937. Therefore the Schmitt claim will be allowed at $70,331.58 as computed by the master, and interest at 6% on the face amount of said claim, to wit, $58,920.54, from February 10, 1937, to the date when said claim is paid.