## In re WORDEN.

### No. 15876.

United States District Court
W. D. Kentucky, Louisville Division.

Sept. 9, 1952.

Alan Neil Schneider, Louisville, Ky., for bankrupt.

Steinfeld & Steinfeld, Louisville, Ky., for trustee.

Niles & Will, Louisville, Ky., for Portland Federal Savings & Loan Ass'n.

J. W. Fowler, Jr., Louisville, Ky., for Citizens Bldg. & Loan Ass'n.

Oscar O. Bader, Louisville, Ky., for Aetna Life Ins. Co. and Ky. Trust Co., trustee.

MILLER, Circuit Judge. (Sitting by designation.)

The bankrupt, James Joseph Worden, filed his petition in bankruptcy and was duly adjudicated a bankrupt on October 18, 1951. Among his creditors were the Portland Federal Savings & Loan Association with a note in the amount of $5,982.76, secured by a mortgage on real estate lo-

cated at 2004 Frankfort Avenue, Louisville, Kentucky; the Citizens Building and Loan Association with a note in the amount of $6,570.48, secured by a mortgage on real estate located at 2023 Frankfort Avenue, Louisville, Kentucky; and the Kentucky Trust Company with a note in the amount of $6,891.95, secured by a mortgage on real estate located at 2028 Lancashire, Louisville, Kentucky. Each piece of real estate was sold in the bankruptcy proceedings for more than enough to pay its mortgage debt with interest to date of payment. On April 15, 1952, the trustee filed his report allowing these creditors the face of their respective claims with interest to the date of the filing of the petition in bankruptcy. Exceptions to the report were filed by the respective mortgagees who claimed interest on their respective claims to the date of payment. By order of May 2, 1952, the referee overruled the objections and approved the report of the trustee limiting the running of interest to the date of the filing of the petition in bankruptcy. The mortgagees seek a review of that order.

In making the ruling the referee relied upon § 63, sub. a(1) of the Bankruptcy Act, § 103, sub. a(1) Title 11 U.S.C.A. which provides that debts of the bankrupt may be proved and allowed against his estate which are founded upon "(1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or not, *with any interest thereon* which would have been recoverable *at that date* * * *." (Italics added.) Although the section does not expressly refer to secured debts, it has been construed as applying to secured debts as well as to unsecured debts. Brown v. Leo, 2 Cir., 34 F.2d 127. The referee so construed it, and relied upon the authorities of Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 and City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, in support of his ruling.

■ It is settled law, and admitted by the petitioners, that under the provisions of § 63, sub. a(1) of the Bankruptcy Act interest on unsecured debts runs only to the date of bankruptcy. Sexton v. Dreyfus, supra; Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 163–164, 67 S.Ct. 237, 91 L.Ed. 162. As pointed out above, it is also stated as a general proposition that the same rule applies to secured claims. But an examination of the authorities shows that there are situations in which the rule is not applicable with respect to secured claims. In Brown v. Leo, supra, 2 Cir., 34 F.2d 127, the general rule was stated but not applied, because in the administration of the bankrupt estate it developed into a solvent estate. In City of New York v. Saper, supra, 336 U.S. 328, 330, note 7, 69 S.Ct. 554, this exception was recognized as established law, together with another exception in cases where the security held by the creditor produced income during bankruptcy, in which event such income was applied to post-bankruptcy interest. In Vanston Boldholders Protective Committee v. Green, supra, 329 U.S. 156, at page 164, 67 S.Ct. 240, the first exception to the general rule was stated as being well recognized, and the so-called general rule was restricted to cases where the security was worth less than the debt. Georgia, Florida & Alabama R. Co. v. Bankers Trust Co., 5 Cir., 170 F.2d 733, 734. The Court said: "To allow a secured creditor interest where his security was worth less than the value of his debt was thought to be inequitable to unsecured creditors." The foregoing three exceptions to the so-called general rule, insofar as it applies to secured claims, seems well recognized by the Supreme Court cases above referred to and by the cases from the various Courts of Appeals hereinafter cited.

Sexton v. Dreyfus, supra, 219 U.S. 339, 31 S.Ct. 256, is not to the contrary. It explains the theory of the English bankruptcy system, the fundamental principles of which were adopted by us, and states the English rule as denying the allowance of interest after bankruptcy on mortgage debts as well as on unsecured claims. As shown above, such is also the generally stated American rule. But the case did

not deal with facts bringing into play any one of the exceptions to the general rule, and the question there involved was not the one presented to us now. It was a case in which the proceeds from the sale of the security after the filing of the petition in bankruptcy were not enough to pay both principal and interest, and involved a question of marshaling. In each of the three claims involved in this proceeding the mortgaged property was sold for more than enough to pay both principal and interest in full to date of payment. As pointed out in In re Gotham Can Co., 2 Cir., 48 F.2d 540, 542, the ruling in Sexton v. Dreyfus "had nothing to do with the right of a creditor holding securities to have interest as well as principal paid out of the collateral". A construction of the ruling so as to make it applicable to the facts of the present case is contrary to pronouncements of the Supreme Court in other cases. In Coder v. Arts, 213 U.S. 223, 29 S.Ct. 436, 53 L.Ed. 772, affirming 8 Cir., 152 F. 943, 15 L.R.A.,N.S., 372, the Court said, 213 U.S. at page 245, 29 S.Ct. at page 445, "Nor do we think the circuit court of appeals erred in holding that, inasmuch as the estate was ample for that purpose, Arts was entitled to interest on his mortgage debt." And in Vanston Bondholders Protective Committee v. Green, supra, 329 U.S. 156, at page 164, 67 S.Ct. 237, at page 240, the Court, in restating the rules applicable to different situations, said, "Simple interest on secured claims accruing after the petition was filed was denied *unless the security was worth more than the sum of principal and interest due.*" (Italics added.)

City of New York v. Saper, supra, 336 U.S. 328, 69 S.Ct. 554, involved interest on tax claims rather than interest on secured obligations. The opinion in that case makes it clear that interest was denied because under the 1926 and 1938 Amendments to the Bankruptcy Act Congress deprived taxes of their preferred status and assimilated them to other unsecured debts for all purposes, including denial of post-bankruptcy interest. The status of a secured claim was not involved. This distinction is pointed out and discussed in Oppenheimer v. Oldham, 5 Cir., 178 F.2d 386, 389.

 It is settled law that the trustee takes the property of the bankrupt subject to existing liens against it and acquires no better title thereto than the bankrupt himself had. Thompson v. Fairbanks, 196 U.S. 516, 526, 25 S.Ct. 306, 49 L.Ed. 577; York Manufacturing Co. v. Cassell, 201 U.S. 344, 352, 26 S.Ct. 481, 50 L.Ed. 782. There is no question but that, under the state law, the mortgage secured both the principal and interest to date of payment. Tilford v. Allen, 4 Ky.Law Rep. 617; Hatfield v. Corbin Bldg. Supply Co., 279 Ky. 30, 36, 129 S.W.2d 1025; Delatour v. Prudence Realization Corp., 2 Cir., 167 F.2d 621. The real estate accordingly came into the hands of the trustee subject to such a lien. The mortgagees did not seek foreclosure in the bankruptcy proceedings, but filed proofs of their respective claims for the purpose of protecting them in the later distribution of assets among creditors. The mortgaged real estate was sold by the trustee free of the mortgage liens, with said liens attaching to the proceeds of sale. Such a change in the form of the security did not extinguish or diminish the lien under state law. Hatfield v. Corbin Building Supply Co., 279 Ky. 30, 39, 129 S.W.2d 1025; Morton v. Hall, 118 Mass. 511. Nor do I think it had that effect under the Bankruptcy Act. Prior to the 1938 Act, subsection d of Sec. 67, 11 U.S.C.A. § 107, sub. d, provided that liens acquired in good faith for a present consideration and duly recorded, as were the mortgage liens in this case, were not affected by the Act. Although this section was not retained in the 1938 Act, the fundamental principle stated therein was continued as a part of the bankruptcy law by a combination of other sections of the new Act. § 70.70, Collier on Bankruptcy, 14th Ed.; In re Van Winkle, D.C.W.D.Ky., 49 F.Supp. 711, 713; Oppenheimer v. Oldham, supra, 5 Cir., 178 F.2d 386, 389. In my opinion, a proper balancing of the equities between the parties, Vanston Bondholders Protective Committee v. Green, supra, 329 U.S. 156, 165, 67 S.Ct. 237, requires that the mortgage liens involved in

this proceeding be recognized to the same extent that they are recognized by the law of Kentucky, which means that the net proceeds of sale in each case be applied to the payment of the principal of the mortgage with interest thereon to date of payment, insofar as they are sufficient to do so. In addition to the ruling of the Supreme Court in Coder v. Arts, supra, 213 U.S. 223, 29 S.Ct. 436, and in Vanston Bondholders Protective Committee v. Green, supra, 329 U.S. 156, 67 S.Ct. 237, the rule has also been approved and applied by the Courts of Appeals in a number of the Circuits. In re Gotham Can Co., supra, 2 Cir., 48 F.2d 540; Wilson v. Dewey, 8 Cir., 133 F.2d 962; Traphagen v. Fleming, 7 Cir., 155 F.2d 889; United States v. Sampsell, 9 Cir., 153 F.2d 731, 736; Oppenheimer v. Oldham, supra, 5 Cir., 178 F.2d 386; Littleton v. Kincaid, 4 Cir., 179 F.2d 848, 852. See also the ruling in this District in In re Welch, D.C. W.D.Ky., 92 F.Supp. 510, 513, 515.

The petition to review is sustained, and the referee's order of May 2, 1952 is set aside.