### In re MACOMB TRAILER COACH, Inc.
### WEEKS et al. v. McINNIS.
### No. 11533.

United States Court of Appeals
Sixth Circuit.

Dec. 17, 1952.

As Amended on Denial of Rehearing
Jan. 23, 1953.

Nelson S. Shapero, Detroit, Mich. (Harold N. Weller, Richmond, Mich., on the brief), for appellants.

Joseph S. Radom, Detroit, Mich. (Kenney, Radom & Rockwell, Detroit, Mich., on the brief), for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

By written contract of February 2, 1948, the appellants, Melvin H. Weeks and Bertha S. Weeks, his wife, sold and agreed to convey to Macomb Trailer Coach, Inc., a Michigan corporation, a piece of real estate located in St. Clair, Michigan, for the purchase price of $25,000, payable in monthly installments of $500 or more, with interest on the unpaid balance at the rate of 4% per annum, the unpaid principal and interest being secured by the real estate so sold. An involuntary petition in bankruptcy was filed against the corporation on October 27, 1948 and an order of adjudication was entered on December 17, 1948. The appellee E. B. McInnis is the Trustee.

Following petitions for the sale of the real estate, an order was entered authorizing a sale at public auction. The real estate was sold to George T. Spector for $27,500, free and clear of liens, and transferring all liens to the proceeds of sale. An order confirming the sale was entered on March 25, 1949. At that time a petition was filed asking that the appellants be required to convey the real estate to the purchaser. The appellants declined to do so in the absence of a provision providing for the payment to them of the unpaid balance under the contract of sale with interest to date of payment. Hearings were held on this issue. Because of this resulting delay and the failure of the appellants to convey the property to him, Spector asked for a return of his deposit and the cancellation of his purchase of the real estate, and an order to that effect was entered. On October 3, 1949, the appellants asked the Court to determine that the Trustee had no interest in the real estate or for leave to sue the Trustee for foreclosure of the contract. After many adjournments, the matter was finally argued on March 1, 1950, but the filing of briefs by the parties was not completed until September 6, 1950. On December 16, 1950, the Trustee filed petitions for instructions with reference to two offers which he had received for the real estate, and following notice to creditors and a hearing by the Court, the offer of the Motor Valve and Mfg. Company of $41,000 for the real estate free and clear of all liens, with all valid liens being transferred to the proceeds of sale, was approved by the Court on December 26, 1950. On January 12, 1951, a formal order was entered that there was due upon said land contract the sum of $20,646.-28 with interest at the contract rate from January 1, 1949 to March 25, 1949; that the vendors were not entitled to interest after March 25, 1949; that the vendors execute

and deliver a deed to the property and accept the sums of money so adjudged to be due them; and that all the rights of the appellants in said property be transferred to the proceeds of sale. The appellants sought a review of this order. The order was affirmed by the District Judge, and this appeal followed.

The appellants contend that they are entitled to interest on the unpaid balance of their sales contract to the date of payment. The Trustee contends that interest was properly disallowed after March 25, 1949, the date of the order confirming the original sale to Spector.

■ It is settled law that under the provisions of Section 63 sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(1), interest on unsecured debts provable in bankruptcy runs only to the date of bankruptcy. It is also stated as a general proposition that the same rule applies to secured claims. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244; Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 163-164, 67 S.Ct. 237, 91 L.Ed. 162. But it is also well settled that there are certain exceptions to the general rule with respect to the payment of interest on secured claims. If in the administration of the bankrupt estate it develops that the estate is solvent, interest is allowed on secured claims to the date of payment. Also in cases where the security held by the creditor produces income during bankruptcy administration, such income is used to pay post-bankruptcy interest on the secured claim. City of New York v. Saper, 336 U.S. 328, 330, Note 7, 69 S.Ct. 554, 93 L.Ed. 710; Vanston Bondholders Protective Committee v. Green, supra, 329 U.S. 156, 164, 67 S.Ct. 237, 91 L.Ed. 162; Beecher v. Leavenworth State Bank, 9 Cir., 192 F.2d 10, 14. As shown by the Beecher case, supra, relied upon by appellee, and by other cases hereinafter referred to, which are relied upon by the appellants, there is some difference of opinion whether a third exception is recognized in instances where the value of the security is more than sufficient to pay both the principal and interest thereon to date of payment of the claim secured thereby. We are of the opinion that in such cases interest on a secured claim should be allowed to the date of payment.

Appellee relies upon Sexton v. Dreyfus, supra, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244; and City of New York v. Saper, supra, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710. In our opinion, these cases, as well as Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, did not involve the same question which is presented here. Vanston Bondholders Protective Committee v. Green involved interest on interest. Sexton v. Dreyfus involved a question of marshalling. City of New York v. Saper involved interest on tax claims which are not secured obligations. See In re Gotham Can Co., 2 Cir., 48 F.2d 540, and In re Worden, D.C.W.D. Ky., 107 F.Supp. 496, where two of these cases are so distinguished. On the contrary, the rule contended for by appellants was recognized as the correct rule by the Supreme Court in Coder v. Arts, 213 U.S. 223, at page 245, 29 S.Ct. 436, 53 L.Ed. 772. In the opinion in Vanston Bondholders Protective Committee v. Green, supra, 329 U.S. 156, at page 164, 67 S.Ct. at page 240, the Court in stating the general rule said— "Simple interest on secured claims accruing after the petition was filed was denied *unless the security was worth more than the sum of principal and interest due.*" (Italics added.) Our ruling in favor of the appellants is also in accord with similar rulings in a number of the circuits. Kagan v. Industrial Washing Machine Corp., 1 Cir., 182 F.2d 139, 146; In re Gotham Can Co., supra, 2 Cir., 48 F.2d 540; Eddy v. Prudence Bonds Corp., 2 Cir., 165 F.2d 157, 160; Littleton v. Kincaid, 4 Cir., 179 F.2d 848, 852; Oppenheimer v. Oldham, 5 Cir., 178 F.2d 386; United States v. Paddock, 5 Cir., 187 F.2d 271, 276; In re Chicago, R. I. & P. Ry. Co., 7 Cir., 155 F.2d 889, 892, reversed on other grounds Fleming v. Traphagen, 329 U.S. 686, 67 S.Ct. 365, 91 L.Ed. 602; Wilson v. Dewey, 8 Cir., 133 F.2d 962; In re Deep Rock Oil Corp., 10 Cir., 113 F.2d 266, 269. See In re Worden, supra, D.C.W.D.Ky., 107 F.Supp. 496; In re Fabacher, D.C.E.D.La., 193 F. 556,

**614**

557; In re Torchia, D.C.W.D.Pa., 185 F. 576, 583.

■ One of the reasons given by the Referee in limiting the payment of interest to March 25, 1949, the date of confirmation of the sale, was that the delay which resulted after that date was chargeable to the conduct of the vendors. This may be so, but such delay was the result of legal proceedings which the vendors had a right to invoke in the attempted protection of their rights. They were at all time willing to convey upon payment to them of the unpaid principal with interest to date of payment, according to the terms of their contract. The refusal of the Trustee to abide by the terms of the contract was equally the cause of the delay. The vendors have sustained their contention. In view of this result, it cannot be said that they acted arbitrarily or unreasonably in insisting, through appropriate court procedure in a bona fide attempt to protect their contract rights, that their contract be honored according to its terms. Under such circumstances, they should not be penalized for the ensuing delay. See Hoehn v. Crews, 10 Cir., 144 F.2d 665, 671; State v. State Bank, 84 Kan. 366, 370–371, 114 P. 381.

The judgment of the District Court is reversed, and the case remanded for further proceedings consistent with the views expressed herein.