**Matter of LYKENS HOSIERY MILLS, Inc., Debtor.**

United States District Court
S. D. New York.
May 15, 1956.

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City, William Stackpole, Asst. U. S. Atty., New York City, of counsel, for petitioner.

Booth, Lipton & Lipton, New York City, Harold A. Lipton, Edgar H. Booth, New York City, of counsel, for debtor.

LEVET, District Judge.

This is a proceeding brought by the District Director of Internal Revenue for the District of North Carolina to review an order of the Referee in Bankruptcy which disallowed the government's claim for interest and for penalties beyond the date of the filing of the petition for relief under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

The facts are undisputed. On July 2, 1954, the debtor filed its petition for relief under Chapter XI. An order was entered by the Referee on July 6, 1954, continuing the debtor in possession. Thereafter, the District Director of Internal Revenue for the District of North Carolina filed a claim for withholding taxes and federal insurance contribu-

tions taxes in the sum of $29,454.42. A claim of priority was asserted for these taxes pursuant to Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a. Included in said claim was a claim for delinquent tax penalties and a claim for interest up to the date of payment of the claim. In connection with the government's claim, a notice of federal tax lien was filed and recorded on June 17, 1954, in McDowell County, Marion, North Carolina, prior to the filing of the arrangement petition under Chapter XI of the Bankruptcy Act.

The issue before this Court is whether the government's claims for tax penalties and interest accruing subsequent to the filing of the petition herein are allowable where the notice of tax lien was properly recorded prior to the filing of the arrangement petition.

■■ With respect to the question of post-petition interest, the general rule is well settled that interest ceases to run on secured and unsecured claims as of the date of the filing of the petition under the Bankruptcy Act. City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710; Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244. This proposition is also applicable to tax claims which have been reduced to liens. In re Industrial Machine & Supply Co., D.C.W.D.Pa.1953, 112 F.Supp. 261. However, the government does not predicate its claim for post-petition interest upon the ground that it possesses a validly perfected tax lien. The government contends that it is a secured creditor holding security which is more than sufficient in value to pay both principal and interest on its claim, and that, therefore, its claim for post-petition interest should be allowed under Section 63, subdivision a(1) of the Bankruptcy Act as an exception to the general rule.

■ It is well settled that there are certain exceptions to the general rule with respect to the payment of interest on secured claims. Under the first exception, post-petition interest is allowed where the security held produces income during the administration of the bankrupt's estate. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244. The second exception arises if in the administration of the bankrupt estate it develops that the estate is solvent. In such case interest is allowed on secured claims up to the date of payment of said claims. Brown v. Leo, 2 Cir., 1929, 34 F.2d 127. A third exception has been recognized by the courts, and it is this exception upon which the government relies in this proceeding. Where the value of the security is more than sufficient to pay both principal and interest thereon to the date of payment of the claim secured thereby, it has been held in Weeks v. McInnis, 6 Cir., 1952, 200 F. 2d 611, certiorari denied 345 U.S. 958, 73 S.Ct. 940, 97 L.Ed. 1378, that interest on said claim should be allowed to the date of payment.

■ In the Weeks case, supra, post-petition interest was allowed on a vendor's lien on certain real estate for the balance of the purchase price which the debtor had contracted to pay. However, the security which the government possesses in this proceeding is in the form of a *general* lien perfected pursuant to the provisions of Section 3670 of the Internal Revenue Code of 1939, 26 U.S.C. A., "upon all property and rights to property, whether real or personal". A general lien of this type is distinguishable from the specific security involved in those cases where the courts have seen fit to recognize the existence of an exception to the general rule that interest ceases to run on secured and unsecured claims as of the date of the filing of the petition in bankruptcy. The distinction lies in the fact that the specific security involved in the cases where an exception was found was usually the result of a voluntary transaction between the debtor and the creditor and the payment of in-

terest was contemplated by the parties. This Court, therefore, is reluctant to extend the application of the third exception to allow interest on a tax lien to the date of payment where the security consists of a general lien "upon all property and rights to property, whether real or personal" belonging to the bankrupt.

Accordingly, I conclude that the Referee was correct in disallowing the government's claim for post-petition interest.

The question concerning the allowance of the government's claim for tax penalties is governed by Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, subdivision j, which provides as follows:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon on the amount of such loss according to law."

The debtor in possession contends that Section 57, sub. j applies with respect to the government's claim for tax penalties and that said section bars the allowance of such claim. The government takes the position that its claim for tax penalties was secured by a tax lien pursuant to Section 3670 of the Internal Revenue Code of 1939 which was perfected prior to the filing of the petition under the Bankruptcy Act and should, therefore, have been allowed as a validly existing statutory lien.

■■ The government asserts that Section 67, sub. b of the Bankruptcy Act supports its contention that a perfected pre-bankruptcy tax lien is allowable herein despite the fact that said lien is based upon a penalty for delinquency in the payment of federal taxes. This section 67, sub. b of the Bankruptcy Act, 11 U.S. C.A. 107, sub. b, which was first inserted in the Bankruptcy Act of 1938, provides that:

"The provisions of section 60 of this Act to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition [in bankruptcy or of the original petition] initiating a proceeding under chapter X, XI, XII, or XIII of this Act, by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

Although this question appears to be a matter of first impression in the Second Circuit, it was considered by Circuit Courts of the Sixth, Ninth and Tenth Circuits in In re Knox-Powell-Stockton Co., 9 Cir., 1939, 100 F.2d 979; Commonwealth of Kentucky, etc. v. Farmers Bank & Trust Co., 6 Cir., 1943, 139 F.2d 266; and in Grimland v. United States, 10 Cir., 1953, 206 F.2d 599.

All three Courts have held that where a tax penalty is included in a tax lien, established prior to bankruptcy, Section 57, sub. j of the Act cannot defeat it, because the lien is effective as a lien, if it is a valid lien, regardless of the inclusion of the penalty therein. These cases were also followed and approved in In re Urmos, D.C.E.D.Mich., 1955, 129 F.Supp.

298 and in In re John S. Goff, Inc., D.C., 141 F.Supp. 862.

The rationale for the conclusions reached in these decisions is that under Section 67, sub. b of the Bankruptcy Act all validly perfected liens existing before bankruptcy are preserved, notwithstanding the fact that the liens were predicated on tax penalties.

The Knox-Powell-Stockton case, supra, was based upon Section 67, sub. d of the Bankruptcy Act of 1898, which declared that liens given or accepted in good faith and not in contemplation of or in fraud of the Act should not be affected by the Act to the extent of the present consideration given therefor, provided recording requirements had been complied with. This subdivision was omitted in the Bankruptcy Act of 1938 because it was covered in substance by Section 67, sub. b of the present Act. See Collier on Bankruptcy, Vol. 4, pp. 181–182.

This Court does not believe that it was the legislative intent that Section 67, sub. d of the 1898 Act and Section 67, sub. b of the 1938 Act were to over-ride in any way the specific prohibition of Section 57, sub. j against the allowance óf penalties as a claim against the estate of a bankrupt. The Second Circuit has expressly held in an analogous situation involving a penalty claim which was incorporated in a judgment that it could determine the provability of the underlying debt, and that since the underlying debt represented a penalty which was barred by Section 57, sub. j, the judgment could not be allowed as a provable claim. In re Abramson, 2 Cir., 1914, 210 F. 878. The underlying claim upon which the tax lien is predicated in the case at bar is expressly barred by Section 57, sub. j for the protection of other creditors whose interests would be adversely affected by the withdrawal of assets from the bankrupt estate. The fact that the penalties are covered by a lien does not alter the conclusion that such penalties are not allowable in this proceeding. See In re Hankey Baking Co., D.C.W.D.Pa.1954, 125 F.Supp. 673.

■ One of the basic rules of statutory construction is that where the general act is later than the special statute, the special statute will be construed as remaining unless repealed in express words or by necessary implication. Niagara Fire Ins. Co. of New York v. Raleigh Hardware Co., 4 Cir., 1933, 62 F.2d 705; Missouri K. & T. Ry. Co. v. Jackson, 10 Cir., 1949, 174 F.2d 297; Buffum v. Chase Nat. Bank of City of New York, 7 Cir., 1951, 192 F.2d 58; Washington v. Miller, 235 U.S. 422, 35 S.Ct. 119, 59 L.Ed. 295.

It is, therefore, ordered, adjudged and decreed that the order of the Referee is hereby affirmed.