**In the Matter of Rolland Eugene WINDLE and Loretta Marie Windle, Debtors.**

**Bankruptcy Nos. 76B–4–SW, 76B–5–SW.**

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

Dec. 11, 1981.

Duke W. Ponick, Jr., Kansas City, Mo., for bankrupts.

ORDER RELEASING THE SUM OF $95,-653.30 TO THE BANKRUPTS AND DIRECTING TRUSTEE AND CREDITORS, OR ANY OF THEM, TO SHOW CAUSE IN WRITING WITHIN 15 DAYS WHY ALL REMAINING SUMS IN EXCESS OF THE AMOUNTS OF CLAIMS, WITHOUT POSTBANKRUPTCY INTEREST, AND COMPENSATION OF OFFICERS OF THE ESTATE AND COSTS AND FEES OF ADMINISTRATION, SHOULD NOT ALSO BE PAID TO THE BANKRUPTS

DENNIS J. STEWART, Bankruptcy Judge.

The trustee in bankruptcy has reported to the court that the estate in bankruptcy now has a total of $210,279.30 in it; that the allowed claims of creditors, without any postbankruptcy interest, total $90,213.25; that, with postbankruptcy interest to December 31, 1981, those claims total $129,-452.31; and that some $24,412.17 in taxes, costs and fees of administration and compensation of officers of the estate.[1]

It would therefore appear from the foregoing figures that the difference between the total sum now in the estate ($210,279.30) and that of the allowed claims, without potential postbankruptcy interest, plus the taxes, costs and fees of administration ($114,625.42), which difference is the sum of $95,653.30, should be paid to the bankrupts. For that sum appears to be in excess of that which is necessary to satisfy the maximum possible amount of all the claims and expenses of administration.

Moreover, the special circumstances which may warrant the payment of post-bankruptcy interest on unsecured claims, e.g., delay occasioned by the bankrupts in administration of the estate, do not appear to be present in this case. See the standards governing this issue in *Johnson v. Norris*, 190 F. 459 (5th Cir. 1911); *Mortgage Loan Co. v. Livingston*, 78 F.2d 517 (8th Cir. 1935); *Brown v. Leo*, 34 F.2d 127 (2d Cir. 1929); *Matter of F. P. Newport Corp.*, 194 F.Supp. 757 (S.D.Cal.1961); *United States v. Bass*, 271 F.2d 129 (9th Cir. 1959); *Jefferson Standard Life Ins. Co. v. United States* 247 F.2d 777 (9th Cir. 1957); *In re Parchem*, 166 F.Supp. 724 (N.D.Minn.1958). Therefore unless an interested party or parties contends in writing filed with the court within 15 days, the court proposes to return to the bankrupts the additional sums now being retained for the possible payment of postbankruptcy interest on the unsecured claims.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the trustee in bankruptcy, with reasonable dispatch, return to the bankrupts the sum of $95,653.30. It is further

ORDERED that the trustee and creditors, or any of them, show cause in writing within 15 days of the date of entry of this order why the sums retained for possible payment of postbankruptcy interest to unsecured creditors should not be paid over to the bankrupts.

1. It appears that this total is comprised of the following:
   tax liability $15,336.00

maximum trustee's fee $2,517.79
referee's salary & expense fund $6,558.38