In re D.C. SULLIVAN & CO., INC., Debtor.

UNITED STATES of America, Appellant,

v.

Robert ROBINSON, etc., Appellee.

No. 90–1791.

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1991.

Decided March 26, 1991.

See also 843 F.2d 596.

Calvin C. Curtis, Atty., Tax Div., Dept. of Justice, with whom Shirley D. Peterson,

Asst. Atty. Gen., Wayne A. Budd, U.S. Atty., Gary R. Allen and William S. Estabrook, Attys., Tax Div., Dept. of Justice, were on brief, for appellant.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

BOWNES, Senior Circuit Judge.

The primary issue in this bankruptcy appeal is whether the Internal Revenue Service (IRS) should be allowed to recover post-petition interest on a tax claim secured by duly perfected liens. This is a rare case for three reasons. One, it is a bankruptcy case where the debtor became solvent during the course of the bankruptcy proceedings. Two, the appeal of the IRS from the judgment of the district court affirming the decision of the bankruptcy court [1] is unopposed. Three, the bankruptcy petition was filed more than twenty years ago, under the Bankruptcy Act of 1898. Our analysis would be somewhat different were we to be proceeding under the current Bankruptcy Code of 1978 and the case law thereunder.

## I. BACKGROUND

An involuntary petition for bankruptcy was filed against the debtor, D.C. Sullivan & Co., Inc., on May 22, 1970. The 1970 filing date means, of course, that the provisions and amendments thereto of the Bankruptcy Act of 1898 are implicated, not those of the Bankruptcy Code of 1978.

This was essentially a "no assets" estate until the trustee was awarded $750,000 by jury verdict in a case he had brought for misappropriation of the assets of the debtor. *See Robinson v. Watts Detective Agency,* 685 F.2d 729 (1st Cir. 1982), *cert. denied,* 459 U.S. 1105, 1204, 103 S.Ct. 728, 1191, 74 L.Ed.2d 953, 75 L.Ed.2d 436 (1983). As a result of this influx of cash, the trustee was able to pay a 100% dividend on all allowed claims, plus interest up to the date of the filing of the bankruptcy petition. He also paid all administrative fees and expenses in full. These payments,

---

1. The bankruptcy court opinion has not been published.

however, far from exhausted the estate's assets. As of September 20, 1989, there was $418,008.32 in the estate's interest-bearing account.

The trustee listed five priority creditors and their claims as follows:

| | |
|---|---|
| (1) IRS | $210,369.01 |
| (2) U.S. Small Business Administration (SBA) | 21,121.00 |
| (3) Commonwealth of Massachusetts Division of Employment Security | 5,312.52 |
| (4) Grace F. Jacobone | 300.00 |
| (5) Commonwealth of Massachusetts Department of Revenue | 214.00 |
| | $237,316.53 |

There are two components to the IRS claim. It asserted $171,872.42 as a lien claim, liens having been duly perfected over the years for this amount plus statutory interest. The IRS claims post-petition interest of $373,764.68 on its lien claim. The second component was a priority claim of $38,496.59. The interest claimed on this is $118,426.31. The total interest claimed by the IRS exceeds the amount held by the trustee.

The trustee's record also shows eleven general unsecured creditors with allowed claims totalling $97,133.80 and four general creditors with late-filed claims totalling $45,924.16.

The bankruptcy court did not allow any post-petition interest on the lien claim of the IRS. It did allow interest on the priority claim of the IRS, at the rate specified in 26 U.S.C. § 6621, on a pro rata basis with the Commonwealth "for the period May 22, 1970 (the petition filing date) to date of payment."

The order of final distribution stated:

ORDERED

1. That postpetition interest on Grace F. Jacobone's priority claim of $300.00 for postpetition wages is entitled to be paid first, at the rate of six percent as set forth in MASS.ANN. LAWS ch. 107, § 3 (Law Co-op. 1985 and Supp. 1989), and

2. That the I.R.S. and Commonwealth through its Department of Revenue and Division of Employment Security (the "Commonwealth") are entitled to be paid next. The I.R.S. is entitled to postpetition interest on its priority claim, at the rate specified in 26 U.S.C. § 6621 (the rate provided by law for federal tax claims) on a pro rata basis with the Commonwealth, for the period May 22, 1970 (the petition filing date) to date of payment. The Commonwealth is entitled to postpetition interest at the rate set forth in MASS.ANN. LAWS ch. 62c, § 32 (Law Co-op. 1978 & Supp.1989) (the rate applicable to overdue taxes) on its priority claims on a pro rata basis with the I.R.S. from May 22, 1970 until paid.

We note that the order does not mention the SBA claim at all, nor is there any discussion of it in the body of the opinion. The SBA, however, has not appealed nor have any of the other priority or general creditors. "[T]he inescapable consequence of failure to appeal a judgment within the time allowed is that the judgment becomes final." *Piazza v. Aponte Roque*, 909 F.2d 35, 39 (1st Cir.1990). *See also United States v. Lumberman's Mut. Cas. Co., Inc.*, 917 F.2d 654, 662 (1st Cir. 1990) (one of two defendants did not appeal the district court's judgment, it therefore became final as to the non-appealing defendant). The judgment of the district court affirming the bankruptcy court binds all of the creditors except the IRS. Our review is, therefore, limited to the issues raised by the sole appellant, the IRS.

## II. POST–PETITION INTEREST

The basic bankruptcy rule on the payment of interest to creditors is that the running of interest ceases when the bankruptcy petition is filed. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 246, 109 S.Ct. 1026, 1033, 103 L.Ed.2d 290 (1989) ("a pre-Code rule"); *Nicholas v. United States*, 384 U.S. 678, 682, 86 S.Ct. 1674, 1678–79, 16 L.Ed.2d 853 (1966) ("interest on claims against a bankrupt estate is suspended as of the date the petition in bankruptcy is filed"); *Sexton v. Dreyfus*, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55

L.Ed. 244 (1911) (rule that interest on unsecured debts stops at start of bankruptcy is a fundamental principle of English bankruptcy law which is basis of our system). The rule was made applicable specifically to tax claims in *New York v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949).

But as with most legal rules, there are exceptions. Three exceptions to the general rule have long been recognized.

Interest may accrue: (1) where the bankrupt ultimately proves to be solvent; (2) where securities, held by the creditor produce income after the filing of the petition; and (3) where the amount of the secured creditor's security is sufficient to satisfy both the principal and interest due on the secured claim.

*In re Boston and Maine Corp.*, 719 F.2d 493, 496 (1st Cir.1983), *cert. denied*, 466 U.S. 938, 104 S.Ct. 1913, 80 L.Ed.2d 461 (1984). The IRS relies on the first exception. There can be no doubt that, thanks to the efforts of the trustee, the bankrupt in this case ultimately became solvent. We examine the pertinent case law.

There is a long line of cases holding that post-petition interest should be paid where the estate becomes solvent. In *American Iron and Steel Manufacturing Co. v. Seaboard Air Line*, 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949 (1914), the Court considered the question whether interest should be paid on a claim for supplies furnished to a railroad which had gone into receivership. By statute, the debt was secured by a lien which had priority over mortgages. The Court pointed out that the reason for the rule denying interest after insolvency "is not because the claims had lost their interest-bearing quality during that period, but is a necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full." *Id.* at 266, 34 S.Ct. at 504 The Court then stated:

But that rule did not prevent the running of interest during the Receivership; and if as a result of good fortune or good management, the estate proved sufficient to discharge the claims in full, interest as well as principal should be paid.

Even in bankruptcy, and in the face of the argument that the debtor's liability on the debt and its incidents terminated at the date of adjudication and as a fixed liability was transferred to the fund, it has been held, in the rare instances where the assets ultimately proved sufficient for the purpose, that creditors were entitled to interest accruing after adjudication. 2 Blackstone's Comm. 488; Cf. *Johnson v. Norris*, 190 Fed.Rep. 459, 460 (5).

*Id.* at 266–67, 34 S.Ct. at 504–05.

In *In re Kentucky Lumber Co.*, 860 F.2d 674 (6th Cir.1988), the court denied post-petition interest to unsecured creditors because they had voted for a reorganization plan that made no provision for interest. *Id.* at 679. In the course of its opinion the court observed that the solvency exception to the general rule "helps to prevent debtors from abusing the bankruptcy process by merely using it to delay payments and avoid interest penalties." *Id.* at 677.

"[S]ecured creditors (and unsecured creditors, as well) might be entitled to postpetition interest if the debtor's estate ultimately proved to be solvent." *In re Timbers of Inwood Forest*, 793 F.2d 1380, 1386 (5th Cir.1986), *aff'd on other grounds sub nom. United States Assoc. v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

*Debentureholders Protective Comm. v. Continental Inv. Corp.*, 679 F.2d 264 (1st Cir.), *cert. denied*, 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982), involved a plan of reorganization for a solvent debtor that did not provide for interest to debenture holders. We held that the plan was not fair and equitable, stating:

Where the debtor is *solvent*, the bankruptcy rule is that where there is a *contractual* provision, valid under state law, providing for interest on unpaid instalments of interest, the bankruptcy court will enforce the contractual provision with respect to both instalments due before and instalments due after the petition was filed.

*Id.* at 269 (emphasis in original).

*See also United State v. Kalishman*, 346 F.2d 514, 518 (8th Cir.1965) (creditors enti-

tled to postpetition interest where estate proves to be solvent), *cert. denied,* 384 U.S. 1003, 86 S.Ct. 1913, 16 L.Ed.2d 1017 (1966); *Ruskin v. Griffiths,* 269 F.2d 827, 832 (2d Cir.1959) (same), *cert. denied,* 361 U.S. 947, 80 S.Ct. 402, 4 L.Ed.2d 381 (1960); *In re Macomb Trailer Coach,* 200 F.2d 611, 613 (6th Cir.1952) (if estate becomes solvent, interest is allowed on secured claims to date of payment), *cert. denied,* 345 U.S. 958, 73 S.Ct. 940, 97 L.Ed. 1378 (1953); *Littleton v. Kincaid,* 179 F.2d 848, 852 (4th Cir.) (when assets are more than sufficient to pay all claims in full, interest is paid out of surplus), *cert. denied,* 340 U.S. 809, 71 S.Ct. 38, 95 L.Ed. 595 (1950); *Brown v. Leo,* 34 F.2d 127, 128 (2d Cir.1929) ("Neither the rule nor the reason for stopping interest at the date of the filing of the petition applies to an estate which turns out to be solvent.").

The bankruptcy court recognized that "[n]umerous courts have held post-petition interest is properly payable should the bankruptcy estate prove solvent." Its holding, however, was based on its finding that, as to its lien claim, the IRS was an oversecured creditor:

> The I.R.S. became an oversecured creditor as the result of the Bankrupt's cause of action for corporate piracy of goodwill and its settlement. Under the Act, the Supreme Court never addressed the question of whether an oversecured tax claimant was entitled to postpetition interest if the estate ultimately proved to be solvent. *In re Boston and Maine Corp.,* 719 F.2d 493, 497 (1st Cir.1983). However, in *Boston and Maine,* the First Circuit Court of Appeals held that, because of the involuntary nature of the claim, an oversecured tax lienor is not entitled to postpetition interest should the security exceed the principal balance of the claim. estate prove solvent. [sic] *Id.* at 497. The *Boston and Maine* court cited opinions by four other Circuit Court[s] of Appeals denying postpetition interest to oversecured tax lienors. *See In re Kerber Packing Co.,* 279 [276] F.2d 245, 247–48 (7th Cir.1960); *United States*

*v. Mighell,* 273 F.2d 682, 684 (10th Cir. 1959); *United States v. Bass,* 271 F.2d 129, 131 (9th Cir.1959); *United States v. Harrington,* 269 F.2d 719, 723–24 (4th Cir.1959). This court is bound by the *Boston and Maine* decision. Accordingly, I hold the I.R.S. is not entitled to postpetition interest on its lien claim.

With respect, we do not think that *Boston and Maine* applies. That case dealt with an insolvent debtor. The City of Cambridge contended that because it perfected its real estate tax lien prior to the filing of the railroad reorganization petition, it became a secured creditor and fell within the third exception to the rule prohibiting post-petition interest. *Id.* at 496–97. We held: "[T]he third exception does not embrace tax liens." *Id.* at 497. We reasoned:

> Further, the payment of the interest, which is secured by the lien, is not contemplated by the parties at the beginning of each tax year. Rather, the imposition of interest on unpaid taxes is more in the nature of an enforcement device assuring the collection of delinquent taxes. *In the context of an insolvency proceeding,* to grant the taxing entity postpetition interest on its tax lien would impose the "enforcement device" *not on the insolvent debtor, but on those lower priority creditors whose claims will go unpaid.* Such creditors are but innocent bystanders; they could have done nothing to effect the prompt payment of taxes and avoid the imposition of postpetition interest. To penalize these creditors for the bankrupt's inability to pay its taxes on time violates all notions of equity.

*Id.* (emphasis added).

In the case before us the debtor became solvent and all creditors, secured and unsecured, have been paid in full plus interest up to the date of the filing of the petition. Not only were all creditors paid in full, but there is $418,000 in excess funds. This is an entirely different situation from the one that faced us in *Boston and Maine.*[2] Nei-

---

**2.** We must note that the Court in *Ron Pair Enterprises* looked with a jaundiced eye on the

refusal of courts of appeals, including the First Circuit in *Boston and Maine,* to apply the "over-

ther *Boston and Maine* nor the "over-secured creditor" rule is apposite to this case. The only exception that applies here is that of the "solvent debtor." Under this exception the IRS is entitled to have its secured tax-lien claim share in the bounty. The next and final question is how the bounty should be shared.

The IRS assumes that its share is determined by awarding it interest pursuant to 26 U.S.C. § 6621 on its total tax claim. The reason given is: "[B]ecause no one in this proceeding contested the Government's contention that interest should be calculated at the rate provided for by statute." This reason may be sufficient, but we think we have a responsibility to canvass the pertinent case law.

We discuss the Supreme Court cases in chronological order. In *Dayton v. Pueblo County*, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190 (1916), the Court held that while under § 64a of the Bankruptcy Act those who had paid taxes and assessments on parcels of real estate purchased at tax sales, which sales were later declared invalid by the bankruptcy court, "were entitled to interest upon the amounts paid at the ordinary legal rate, applicable in the absence of an express contract, we think they were not entitled to the larger interest required to be paid on redemption from tax sales." *Id.* at 590, 36 S.Ct. at 696.

In *United States v. Childs*, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299 (1924), the Court held that the payment of 1% per month interest on a delinquent income tax was not barred by § 57j of the Bankruptcy Act.[3] The Court held that the 1% monthly interest was not a penalty but "clearly intended to compensate the delay in payment of the tax—the detriment of its non-payment, to be continued during the time of its non-pay-

ment—compensation, not punishment." *Id.* at 310, 45 S.Ct. at 111.

The Court followed *Childs* in *Meilink v. Unemployment Comm'n of California*, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458 (1942). It held that 12% interest imposed by California for default in payment of unemployment tax contributions was not a penalty under § 57j of the Bankruptcy Act. *Id.* at 569, 62 S.Ct. at 392.

One of the most cited comments by the Court on the allowance of interest in bankruptcy proceedings comes from *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 165, 67 S.Ct. 237, 241, 91 L.Ed. 162 (1946): "It is manifest that the touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and the debtor."

The last case in this line does not track directly but is in the same general area. *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), holds that post-petition interest on a claim excepted from discharge by § 17 of the Act can be recovered in a later action against the debtor personally. During the course of its opinion, the Court observed: "In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description." *Id.* at 360, 84 S.Ct. at 908. We next examine circuit court cases.

Citing to *Bruning*, the Ninth Circuit noted that in the bankruptcy context,

interest is generally considered "an integral part of a continuing debt," *Bruning*, 376 U.S. at 360, 84 S.Ct. at 908, and interest on unpaid taxes is "part and

---

secured creditor" exception to tax lien claimants. *See* 489 U.S. at 246–248, 109 S.Ct. at 1033–34. *Ron Pair Enterprises*, however, involved interpretation of the Bankruptcy Code of 1978, 11 U.S.C. § 506(b), and is thus not controlling in this pre-Code case.

**3.** Section 57j provided:
Debts owing to the United States or to any State or any subdivision thereof as a penalty

or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may be accrued on the amount of such loss according to law.
11 U.S.C. § 93(J) (Repealed).

parcel of the tax due" under the Internal Revenue Code. [In re] *Associated Air Services*, 75 B.R. [47] at 48–49[ (Bankr.S. D.Fla.1987) ] (concluding, based on this fact, that any reference to interest in section 503(b) was "completely unnecessary").

*In re Mark Anthony Construction, Inc.*, 886 F.2d 1101, 1107–08 (9th Cir.1989). This was a Code case; it held that post-petition interest on taxes is an administrative expense of the bankruptcy estate under 11 U.S.C. § 503(b)(1)(B) of the Bankruptcy Code.

The Seventh Circuit grappled with the same issue that confronts us in a railroad reorganization case, *Matter of Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 830 F.2d 758 (7th Cir.1987). The railroad turned out to be solvent. The government took the position that it was entitled to interest at the rates set in 26 U.S.C. §§ 6621 and 6622, and not at the rate of 7.⅝.5%, which was the interest rate determined by the district court to be fair and equitable under 11 U.S.C. § 205(e) of the Bankruptcy Act. In affirming the rate of interest set by the district court, the Seventh Circuit followed the balancing of the equities teaching of the Court in *Vanston Bondholders Protective Committee v. Green*, 329 U.S. at 165, 67 S.Ct. at 241. 830 F.2d at 765–66.

In a Code case involving § 503, the Fourth Circuit held "that the government is entitled as a first priority expense of the bankruptcy estate to full payment of the taxes claimed, the penalties for failure to pay them on time, and interest from the date that it accrued." *United States v. Friendship College, Inc.*, 737 F.2d 430, 433 (4th Cir.1984) (footnote omitted).

The Court has recently reaffirmed the balancing of equities approach: "We have noted that 'the touchstone of each decision on allowance of interest in bankruptcy ... has been a balance of equities between creditor and creditor or between creditors and the debtor.' *Vanston Bondholders Protective Committee v. Green*, 329 U.S. at 165, 67 S.Ct. at 241." *United States v.*

*Ron Pair Enterprises, Inc.*, 489 U.S. at 248, 109 S.Ct. at 1034.

█ There are, however, no equities to balance here. None of the creditors, except the IRS, have appealed from the district court judgment which approved the distribution order of the bankruptcy court. None of the creditors have filed briefs or appeared in opposition to the government's appeal. They, therefore, must be presumed to be satisfied with being paid in full on their claims plus interest to the date of the bankruptcy filing. Absent overriding equitable considerations, we find that under the case law the IRS is entitled to interest pursuant to 26 U.S.C. § 6621 on both its lien and non-lien tax claims. We agree with the bankruptcy court that such payment should be made on a pro-rata basis with the interest paid to the Commonwealth on its tax claims. We also agree with the bankruptcy court that the claim of Grace F. Jacobone should be paid first.

### CONCLUSION

1. Post-petition interest on Grace F. Jacobone's priority claim of $300 for pre-petition wages shall be paid first. 11 U.S.C. § 104(a)(2) (repealed). The rate of interest is six percent. Mass.Gen.L.Ann. ch. 107 § 3.

2. The IRS shall be paid post-petition interest pursuant to 26 U.S.C. § 6621 on its total tax claims, lien and non-lien. Such payment shall be made on a pro-rata basis with the post-petition interest due the Commonwealth under Mass.Gen.L.Ann. ch. 62 § 32 on its tax claims.

Reversed in part, affirmed in part. Remanded for further proceedings consistent herewith. No costs.