Brennan v. Horsefeathers, et al.      CV-01-036-B    06/12/02

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Stephen Brennan**

    v.

Civil No. 01-036-B
Opinion No. 2002 DNH 123

**Horsefeathers, Inc., Brendan Hawkes,
Brooke Pearson, David R. Brown, and
Michael Venditti**

### MEMORANDUM AND ORDER

Plaintiff Stephen Brennan has sued the North Conway restaurant Horsefeathers, Inc., and the bartenders who work there, alleging violations of New Hampshire Rev. Stat. Ann. 507-F:4, which prohibits serving alcohol to visibly intoxicated patrons, and seeking damages for injuries he argues were proximately caused therefrom. Before me is Brennan's pretrial motion requesting an evidentiary ruling that would permit him to introduce at trial two documents. The first document is a "Report of Violation" (the "Report") completed by an investigator for the New Hampshire Liquor Commission (the "Commission"), and contains the results of interviews with witnesses as well as the

investigator's opinions concerning the events that took place on the night in question. The second document is an order dated May 27, 1999 issued by the Commission memorializing the terms of a settlement agreement it reached with Horsefeathers. The order reflects that the Commission voted to issue a suspension of liquor license and to impose a fine in response to its finding that Horsefeathers violated N.H. Rev. Stat. Ann. 179:5, allowing service of alcoholic beverages to an intoxicated person.

Federal Rule of Evidence 803(8) permits the admission of public records and reports that set forth "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." The Supreme Court has held that the term "factual findings" can include conclusions and opinions, so long as the underlying information is trustworthy.[1] See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162, 167-68, 170 (1988). The defendants, apparently for

---

[1] Factors to consider when determining trustworthiness include: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." Beech Aircraft, 488 U.S. at 167 n.11.

tactical purposes, or because they agree with the contents, concede that the factual information contained in the Report and the investigator's opinions are admissible.[2]  Nevertheless, they argue that identifying a Liquor Commission investigator as the source of the Report would cause them unfair prejudice.  I assume that defendants base their argument on Federal Rule of Evidence 403, which states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ."  Because defendants agree that the Report's findings should be admitted, the jurors must be told that the report was prepared by a government investigator conducting an official investigation.  Otherwise, they would be unable to determine what weight, if any, to give to his findings.

---

[2] The First Circuit has concluded that hearsay statements of third persons appearing in public records are not admissible where the report contains no findings. See United States v. Mackey, 117 F.3d 24, 28-29 (1st Cir. 1997).  It has also determined, however, that a report's opinions or conclusions are admissible even though they are based on hearsay "[a]s long as the conclusion is [1] based on a factual investigation and [2] satisfies [Rule 803(8)'s] trustworthiness requirement." Lubanski v. Coleco Industries, Inc., 929 F.2d 42, 45 (1st Cir. 1991).  The court has not yet considered whether hearsay statements that serve as the basis for admissible conclusions are also admissible.  Because the defendants don't contest the admissibility or trustworthiness of the Report's hearsay statements, I will not analyze this issue further.

Moreover, any unfair prejudice can be avoided by a limiting instruction. Thus, I reject defendants' challenge because the probative value of the evidence they seek to exclude is not substantially outweighed by the danger of any unfair prejudice that they would suffer if the evidence is admitted.

Defendants also object to the admission of the Commission's order. The Commission based its order on a settlement agreement in which the defendants did not admit liability. It never held an evidentiary hearing on the matter, and its order does not contain factual findings resulting from an investigation. Without these safeguards, the order does not satisfy Rule 803(8)'s trustworthiness requirement.[3] See Beech Aircraft, 488 U.S. at 162, 167-68 & n.11, 170.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge


June 12, 2002

_____

[3] Plaintiff does not argue that the Commission's order is admissible under a collateral estoppel theory. Thus, I do not consider this issue.

cc:  Kenneth M. Brown, Esq.
     Brian T. McDonough, Esq.