[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-10479
Non-Argument Calendar

————————————————

D.C. Docket No. 3:18-cr-00045-BJD-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEMONE LAWRENCE WALKER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(November 24, 2020)

Before WILSON, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Jemone Walker appeals his 180-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He argues that the district court lacked jurisdiction to hear his case because his indictment was deficient under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The government argues that Walker's argument is barred under the law of the case doctrine because he failed to raise it during his first appeal.[1]

We review de novo the application of the law of the case doctrine. *See United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005). "The district court's subject-matter jurisdiction is a question of law subject to de novo review." *United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998) (per curiam) (emphasis removed). Issues or claims not clearly raised by a party on appeal are considered abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). However, "parties may not waive a jurisdictional defect." *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016).

The law of the case doctrine directs that "previously decided" issues— findings of fact and conclusions of law made by an appellate court—are generally binding in subsequent proceedings in the same case. *Luckey v. Miller*, 929 F.2d

---

[1] Walker filed his first appeal in 2019, arguing that he was erroneously sentenced under the Armed Career Criminal Act (ACCA), he was sentenced without an opportunity to allocute, and the felon-in-possession statute was unconstitutional. We affirmed his challenges to the ACCA and the constitutionality of the felon-in-possession statute but remanded to the district court to give him an opportunity to allocute—which it did.

618, 621 (11th Cir. 1991).  The doctrine "encompass[es] issues decided by necessary implication as well as those decided explicitly." *Id.*  However, the doctrine does not prevent us from considering "matters that could have been, but were not, resolved in earlier proceedings." *Id.* at 621–22 (concluding that this court's summary denial of a petition for rehearing en banc did not trigger the doctrine because no inference could be made regarding its opinion of the merits of the case, notwithstanding a dissenting opinion).  The doctrine is a rule of judicial practice and, as such, is not jurisdictional in nature. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014).

"[A] legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).  In *United States v. Fiallo-Jacome*, we determined that the defendant had waived his right to raise a number of alleged trial errors in his second direct appeal that followed his resentencing where he could have raised each of those errors in first direct appeal.  874 F.2d 1479, 1480–83 (11th Cir. 1989) (noting that "*all* of the factual predicates" for the defendant's arguments in his second appeal "were entirely or largely available" based on the records from the trial and sentencing of the defendant and his codefendant).  Under those

3

circumstances, we determined that it was not appropriate to allow the defendant

"two bites at the appellate apple." *Id.* at 1482.

When the Supreme Court overturns binding precedent of this court after the

appellant has filed his initial brief, we permit the appellant "to raise in a timely

fashion thereafter an issue or theory based on that new decision while his direct

appeal is still pending in this [c]ourt." *United States v. Durham*, 795 F.3d 1329,

1330–31 (11th Cir. 2015) (en banc).

Section 922(g)(1) states: "It shall be unlawful for any person . . . who has

been convicted in any court of, a crime punishable by imprisonment for a term

exceeding one year . . . to . . . possess in or affecting commerce, any firearm or

ammunition." 18 U.S.C. § 922(g)(1). Section 924(a)(2) states that "[w]hoever

knowingly violates [§ 922(g)] shall be fined as provided in this title, imprisoned

not more than 10 years, or both." Section 924(e)(1) states: "[A] person who

violates section 922(g) of this title and has three previous convictions . . . for a

violent felony or a serious drug offense, or both . . . shall be fined under this title

and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

In *Rehaif*, which was decided on June 21, 2019, the Supreme Court clarified

that, in prosecuting an individual under 18 U.S.C. § 922(g) and § 924(a)(2), the

government "must prove both that the defendant knew he possessed a firearm and

that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

An indictment sufficiently alleges a crime and therefore confers jurisdiction on the district court if the indictment "track[s] the statutory language and stat[es] approximately the time and place of an alleged crime." *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020). In *Moore*, we held that failure to allege that the defendants knew of their felon status in an indictment under 18 U.S.C. § 922(g) that did not include § 924(a)(2) did not deprive the district court of jurisdiction, even though it was defective based on *Rehaif*, because the indictment met the "not demanding" standard for alleging a crime set forth above. *Id.* at 1332–37; *see also United States v. Bates*, 960 F.3d 1278, 1284, 1295 (11th Cir. 2020) (addressing a *Rehaif* challenge to a conviction under § 922(g)(1) and § 924(e) and noting *Moore*'s holding that a *Rehaif*-based defect in an indictment is non-jurisdictional).

Because *Rehaif* was decided while Walker's prior appeal was pending in this court, Walker had the opportunity to raise his *Rehaif* claim in his prior appeal. Therefore, his argument is precluded by the law of the case. Further, while he contends that the issue is jurisdictional and therefore not subject to waiver, our decision in *Moore* forecloses this argument. *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) ("Under the prior precedent rule, we are

bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."). Therefore, we affirm the district court.

**AFFIRMED.**