**MELLON BANK, Appellant,**

v.

**M.K. SIEGEL, Appellee.**

No. 88–8485.

United States District Court, E.D. Pennsylvania.

Feb. 16, 1989.

Leona Mogavero, Blue Bell, Pa., for Mellon Bank (East).

Marlena Siegel, Philadelphia, Pa., Gary Perkiss, Philadelphia, Pa., Allen W. Gilbert, Detroit, Mich., for M.K. Siegel.

James O'Connell, Asst. U.S. Trustee, Philadelphia, Pa.

## MEMORANDUM

NEWCOMER, District Judge.

This case is before the Court on Mellon Bank's appeal from the Bankruptcy Court's Order confirming debtor M.K. Siegel's Plan of Reorganization. This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a), (c). The issue is whether a Bankruptcy Court can order the confirmation of a Plan of Reorganization that purports to be in full settlement of all claims a creditor may have against a guarantor who is not a party to the Chapter 11 proceeding.

### I.

In March of 1982, Mellon Bank East National Association (Mellon) made a $25,000 loan to M.K. Siegel. This loan was secured by Siegel's accounts receivable and a motor vehicle along with a promissory note executed in Mellon's favor. In addition, Harold and Libby Foreman, the step-parents of the owner of M.K. Siegel, executed an Agreement evidencing their intention to be liable for this obligation as guarantors to Mellon.

Sometime later a default occurred under the terms of the loan obligation. As a consequence of this default, Mellon sought and obtained a judgment in the State Court of Common Pleas against the guarantors for $17,000. On June 1, 1986, M.K. Siegel filed a Petition under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* The debtor proposed a plan that was con-

firmed by the Bankruptcy Court on June 28, 1988. This appeal centers on the Plan's provision paying Mellon $10,000 "in full settlement against all claims on behalf of Debtor *and the guarantors of this debt.*" (emphasis added).

## II.

■ In a Chapter 11 case, the debtor receives its discharge as to all of its debts, as defined by 11 U.S.C. § 524, upon entry of the order of confirmation. 11 U.S.C. § 1141(d)(1). The provisions of the confirmed plan bind all creditors whether or not a particular creditor has voted to accept the plan. 11 U.S.C. § 1141(a). Subsection 524(e) is designed to limit the effect of the § 1141 discharge.[1] It provides:

(e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.[2]

It is clear from the language and history of § 524(e) that the discharge of a debtor's obligations by operation of the Bankruptcy Code does not discharge or affect in any way a guarantor's liability on his guaranty. *Fr. Winkler KG v. Stoller*, 839 F.2d 1002, 1008 (3d Cir.1988) (citing *United States v. Kurtz*, 525 F.Supp. 734, 742 (E.D.Pa.1981), *aff'd*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982)). While in certain circumstances temporary stay relief may be accorded to non-debtors, *see In re University Medical Center*, 82 B.R. 754, 756–757 (Bankr.E.D. Pa.1988); *In re Monroe Well Service, Inc.*, 67 B.R. 746, 750–757 (Bankr.E.D.Pa.1986), a Bankruptcy Court has no power to discharge the liabilities of a bankrupt's guarantor who is not a party to the Chapter 11 proceedings. *Union Carbide Corp. v. Newboles*, 686 F.2d 593, 595 (7th Cir.1982); *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir.1985).

■ In this case, the liability of M.K. Siegel's guarantors, Harold and Libby Foreman, was firmly established by the State Court judgment entered in Mellon's favor well before the Bankruptcy Court's Order confirming the Plan. Thus any possible *res judicata* effect of the order of confirmation is not at issue in this case. *C.f. Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987). One of the principal purposes for Mellon's insistence of a guarantor to this loan was undoubtedly to provide an alternative source of repayment in the event that M.K. Siegel went bankrupt. The circumstances in this case are precisely the situation for which Mellon negotiated and the guarantor agreed to protect against. While the Bankruptcy Code expressly alters the contractual obligations of the bankrupt, it does not contemplate the same effect on the obligations and liabilities of third parties to a creditor.

## III.

Since I have concluded that the Bankruptcy Court did not have the power to discharge the guarantor's obligations to Mellon in its order of confirmation of the Plan, it is not necessary to reach Mellon's alternative theory regarding lack of notice for the pre-confirmation hearing. Therefore, for the reasons stated above, this Court will remand the case to the Bankruptcy Court to modify or amend the Plan language purporting to discharge the guarantor, or to take such other measures necessary and consistent with the foregoing Memorandum.

---

1. The corresponding section under the previous Bankruptcy Act was 11 U.S.C. § 34 which stated that "[t]he liability of a person who is a co-debtor with, or a guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

2. The exception provided by § 524(a)(3) has no relevance to the issue before the Court.