**In re Oliver Wendell HORNE, Jr., SSN: 252–64–6161, Debtor.**

**GEORGIA DEVELOPMENT AUTHORITY, Movant,**

v. ·

**Oliver Wendell HORNE, Jr., Respondent.**

**Bankruptcy No. 87–10382–ALB.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

March 15, 1989.

G. Frank Nason, IV, Gardner, Willis, Sweat & Goldsmith, Albany, Ga., for debtor/respondent.

George H. Myshrall, Jr., Heyman & Sizemore, Atlanta, Ga., for movant.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On December 15, 1988, a hearing was held on Georgia Development Authority's

(hereafter "GDA") Motion for Approval and Direction of Sale in regard to the Debtor's sale of the Wilkinson County Tract.[1] At the conclusion of the hearing, the court invited both parties to submit briefs on the issue of how the proceeds of the sale of the Wilkinson County Tract should be apportioned with respect to GDA's secured claim on said Tract. This court, having considered the evidence presented and briefs of counsel, now renders this Memorandum Opinion.

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 1, 1987. The Debtor filed a plan of reorganization on June 10, 1988, and subsequently filed a first modification of Debtor's plan of reorganization on June 24, 1988, and second modification on August 8, 1988. The plan as modified was confirmed by this court's order of September 26, 1988. Pursuant to the confirmed plan, GDA has a first lien on real estate of Debtor which is valued at $245,000.00 with $70,000.00 being allocated to the Wilkinson County Tract and $175,000.00 to the Laurens County Tract.[2] GDA is secured to the extent of the value of said properties and has an unsecured claim for the remaining amount owed as per its proof of claim filed October 5, 1987.

Pursuant to the Debtor's plan of reorganization, the Debtor negotiated a sale of the Wilkinson County Tract. In October, 1988, the property was to be sold for $70,000, with GDA financing the sale. GDA was then notified that the proposed sale would be a cash sale and Debtor's counsel requested a release from GDA for $70,000.00. GDA requested additional information regarding the sale, but apparently did not receive said information. On November 17, 1988, a real estate option contract was entered into between the Debtor and purchaser (Mr. Ben H. Hall, Jr.) for the sale of the Wilkinson County Tract for $95,000.00. On November 23, 1988, a cash offer of $100,000.00 by Mr. Forrest Townsend was submitted by his attorney to GDA who in turn notified Debtor's counsel. However, the proposed sale to the purchaser (Ben H. Hall, Jr.) had been closed prior to the Townsend offer being received by the Debtor. GDA in its Motion filed December 7, 1988, moved the court to approve the sale of the Wilkinson County Tract to Mr. Townsend. Mr. Townsend subsequently withdrew his offer and GDA in its letter brief of December 28, 1988, requested that the sale to Mr. Ben Hall be approved.

Although the Debtor's schedule lists the Wilkinson County Tract as being titled in the Debtor's name, the Debtor in fact had transferred said property to his son, Oliver Wendell Horne, III, in 1984, and had taken a "wraparound mortgage" against his son for the property in question. The Debtor did not disclose the wraparound mortgage as an asset of the estate.

GDA contends that it is entitled to the entire purchase price ($95,000.00) on the Wilkinson County Tract. The sole authority cited by GDA as support for its contention, *Matter of Bell*, 8 B.R. 549, 4 Collier Bankr. Cas.2d (MB) 285 (Bankr.E.D.Mich. 1981), is not on point and was reversed by the Sixth Circuit Court of Appeals, *In re Bell*, 700 F.2d 1053 (6th Cir.1983).

GDA urges the court to modify the Debtor's confirmed plan to conform the value of the Wilkinson County Tract to $95,000.00. Section 1127(b) of the Bankruptcy Code[3] is the governing authority on post-confirmation modification. That section provides:

(b) The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such

---

1. Debtor's confirmed plan provided GDA with an allowed secured claim in the amount of $70,000.00 with respect to the Wilkinson County Tract. The plan specifically provided for the sale of the Wilkinson County Tract with the purchaser and sales contract subject to approval by GDA. See Article IV subsection (b) of Debtor's plan of reorganization.

2. GDA filed a Motion to Lift Stay on April 29, 1988. An agreement was reached between the Debtor and GDA as to the property in question and a consent order was entered by this court on July 8, 1988. This order was later made a part of Debtor's confirmed Chapter 11 reorganization plan (as a modification thereof).

3. 11 U.S.C.A. § 1127(b) (West Supp.1988).

plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

As clearly provided by § 1127(b) of the Bankruptcy Code,[4] only a proponent of a plan or the reorganized debtor may modify a plan after confirmation. GDA fails on both requirements in that GDA is neither the proponent of the plan nor the reorganized debtor.

GDA cites to the court the case of *In re Deep Rock Oil Corp.*, 113 F.2d 266 (10th Cir.1940), *cert. denied*, 311 U.S. 699, 61 S.Ct. 138, 85 L.Ed. 453 (1940), as support for its position that the court has the power to procure a modification of the approved plan. GDA's reliance upon *Deep Rock, supra* is misplaced, because it was decided under the Bankruptcy Act of 1898. Section 222 of the Bankruptcy Act provided:

A plan may be altered or modified, with the approval of the judge, after its submission for acceptance and before or after its confirmation if, in the opinion of the judge, the alteration or modification does not materially and adversely affect the interests of creditors or stockholders....

[Appendix 1] Collier on Bankruptcy § 222 (L. King 15th Ed. 1988).

Section 222 of the Bankruptcy Act[5] as contrasted with 1127(b) of the Bankruptcy Code[6] provided the Bankruptcy Court with much broader jurisdiction, and in fact authorized the judge to alter or modify a confirmed plan. However, under the Code, the court's intervention is limited by § 1127 and § 1142.[7]

The Debtor's position is that an order for confirmation under the Code has a greater res judicata effect than confirmation of a plan under the Act. The court in *In re Sanders*, 81 B.R. 496 (Bankr.W.D.Ark. 1987) stated: "An order confirming a Chapter 11 plan from which there is no appeal is generally regarded as an order that is entitled to full faith and credit by other courts and is res judicata as to all questions pertaining to such plan which were raised or could have been raised." *Id.* at 498.

The Debtor further cites to the court the case of *In re Blanton Smith Corp.*, 81 B.R. 440 (Bankr.M.D.Tenn.1987) as a decision which recognizes that early decisions under the former Act were premised upon the confirmation order "not [being] the equivalent of a judgment and is no more than a step in the administration of the debtor's estate...." *Id.* at 442 (quoting *Wright v. City Nat'l Bank & Trust Co.*, 104 F.2d 285, 287 (6th Cir.1939)). The court in *Blanton Smith* noted "that generally an order confirming a plan of reorganization is to be treated as res judicata." 81 B.R. at 443.

GDA cites the case of *Fairchild v. Lebanon Production Credit Ass'n*, 31 B.R. 789 (Bankr.S.D.Ohio 1983) as authority for the proposition that an evaluation determination of a secured claim is not res judicata. *Fairchild* can be distinguished as a case which dealt with a complaint filed by debtors challenging a creditor's claim and the creditor's counterclaim for relief from the automatic stay. *Fairchild* does not speak to the issue of post-confirmation modification to change the values contained in the confirmed plan.

GDA contends that the Debtor is not in compliance with the provision of the confirmed plan because the prior approval of the sale and purchaser was not obtained from GDA. In this court's opinion, while the confirmation order did require prior approval by GDA, this requirement was in anticipation of GDA's financing the sale. However, since the sale of the Wilkinson County Tract was a cash sale and exceeded

---

4. *See supra* note 3.

5. Formerly 11 U.S.C.A. § 622

6. 11 U.S.C.A. § 1127(b) (West Supp.1988).

7. 11 U.S.C.A. § 1127 (West 1979 & Supp.1988). 11 U.S.C.A. § 1142 (West Supp.1988).

the amount of GDA's secured claim pursuant to the Debtor's confirmed plan of reorganization, GDA would not have any authority to withhold its approval of the sale.

Therefore, this court holds that pursuant to § 1127(b) of the Bankruptcy Code,[8] GDA is precluded from proposing a post-confirmation modification as GDA is neither the proponent of the plan nor the debtor. Further, there is a question whether substantial consummation of the plan has occurred which pursuant to § 1127(b) of the Bankruptcy Code[9] would bar *any* party from making a post-confirmation modification.

■ GDA's final contention is that pursuant to § 363(e) of the Bankruptcy Code,[10] the court should condition the sale of the Wilkinson County Tract so as to provide adequate protection to GDA and its interests in said property. GDA is bound by the Debtor's confirmed reorganization plan and is not entitled to any more than the plan allows on its secured claim. See, e.g., *In re Kennedy,* 79 B.R. 950 (Bankr.M.D.Ga. 1987). This court does not find § 363 of the Bankruptcy Code[11] to be applicable in this instant case, so as to provide adequate protection to GDA when it will receive the full value of its secured claim for the Wilkinson County Tract.

■ Pursuant to § 1144 of the Bankruptcy Code,[12] the court, on request of a party in interest, may revoke a confirmation order if such order was procured by fraud. No such motion has been made and the court does not find a basis for fraud from the evidence presented. The only suggestion of fraud in the instant case is that the property is titled in the Debtor's son, Oliver Wendell Horne, III. The Debtor testified that the head of GDA and Morris State Bank understood that the property was legally titled in the name of his son, Oliver Wendell Horne, III, but that the Debtor retained an equitable interest in said property. The Debtor's son, Monty Horne corroborated the testimony of the Debtor in that he understood that GDA and Morris State Bank were aware of the legal title in the name of Oliver Wendell Horne, III. Under these circumstances, the court does not find there would be sufficient evidence of fraud to set aside the order of confirmation.

Accordingly, this court holds pursuant to § 1127(b) of the Bankruptcy Code[13] that GDA is not entitled to a post-confirmation modification of the Debtor's plan and is limited to its secured claim of $70,000.00 pursuant to Article IV subsection (b) of Debtor's plan of reorganization and this court's order of September 26, 1988.

An order in accordance with this Memorandum Opinion is attached hereto.

### ORDER

In accordance with the Memorandum Opinion entered this date, GDA's Motion for Approval of the Sale of the Wilkinson County Tract to Mr. Forrest Townsend is DENIED; and it is further

ORDERED that the sale of the Wilkinson County Tract to Mr. Ben H. Hall, Jr. is approved pursuant to the Debtor's plan of reorganization; and it is further

ORDERED that GDA is to receive $70,000.00 pursuant to said plan of reorganiza-

---

8. 11 U.S.C.A. § 1127(b) (West Supp.1988).

9. *See supra* note 8.

10. 11 U.S.C.A. § 363(e) (West Supp.1988).

11. *See supra* note 10.

12. 11 U.S.C.A. § 1144 (West 1979 & Supp.1988). On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

13. 11 U.S.C.A. § 1127(b) (West Supp.1988).

tion and upon receipt of the $70,000.00 is to release the Wilkinson County Tract property to the purchaser, Mr. Ben H. Hall, Jr.; and it is further

ORDERED that the Debtor is to receive any amount over the $70,000.00 secured claim of GDA which is to be used in furtherance of the Debtor's reorganization.

SO ORDERED.