**In re DAVIS BROADCASTING, INC.,**
**EIN: 58–1914685, Debtor.**

**BROADCAST CAPITAL, INC., Movant,**

v.

**DAVIS BROADCASTING,**
**INC., Respondent.**

**Bankruptcy No. 91–40805–COL.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

March 25, 1994.

Stephen G. Gunby, Columbus, GA, for movant.

Steve J. Davis, Atlanta, GA, for respondent.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On September 28, 1993, the court held a hearing on Broadcast Capital, Inc.'s (hereinafter "Broadcast") motion to reopen the case. The court granted the motion to reopen the case. Broadcast also had pending a motion to correct the confirmation order. At the end of the hearing, the court took the motion to correct the confirmation order under advisement. The court, having considered the briefs submitted by both parties, now renders this Memorandum Opinion. For the reasons stated herein, the court denies Broadcast's motion to correct the confirmation order.

In December 1986, Davis Broadcasting, Inc., ("Debtor") borrowed $300,000.00 from Broadcast. The parties entered into a loan agreement. In May 1987, the Debtor borrowed an additional $100,000.00, and another $100,000.00 in January 1990. These additional loans resulted in amendments to the agreement. The Debtor failed to pay any portion of its debt to Broadcast.

Gregory A. Davis, the president of the Debtor, and Cheryl Davis, his wife, executed a guaranty in favor of Broadcast as consideration for the loans. The Davises personally guaranteed under the loan agreement all the amounts borrowed by the Debtor from Broadcast.

On November 19, 1986, Broadcast entered into a Continuing Subordination and Pledge Agreement ("Subordination Agreement") with AmeriTrust Company National Association ("AmeriTrust"), a creditor of the debtor. Not only did this agreement give AmeriTrust's lien priority over Broadcast, but it also gave AmeriTrust substantial rights in the event of a future default and subsequent bankruptcy. Broadcast was prohibited from taking action of any kind to asset, collect, or enforce its debt without the written consent of AmeriTrust. The Subordination Agree-

ment gave AmeriTrust the right to file a proof of claim and vote on the behalf of Broadcast in a bankruptcy proceeding.

On October 8, 1991, Broadcast filed a proof of claim in the amount of $619,832.39. AmeriTrust filed a proof of claim as a secured creditor in the amount of $5,186,390.08 on October 10, 1991. The Debtor executed several promissory notes with AmeriTrust. In addition to obligating the Debtor, the note also imposed obligations upon Gregory A. Davis individually.

On May 29, 1991, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code. On June 5, 1992, AmeriTrust and the Debtor entered into a stipulation whereby AmeriTrust agreed to vote its and Broadcast's interests in favor of the Debtor's plan, and that it would not for itself or Broadcast file or offer any objections to the plan. On June 19, 1992, the court held a confirmation hearing. Ameritrust voted to accept the plan on behalf of itself and Broadcast. Broadcast itself did not object to the plan. The court entered an order confirming the plan on June 19, 1992. Copies of the confirmation order and the amended plan were served on Broadcast. Broadcast did not appeal the order confirming the plan. On August 5, 1992, the court signed an order stating that substantial consummation of the confirmed plan had been completed. The final decree was signed by the court on November 2, 1992. On August 30, 1993, almost 8 months after the signing of the final decree, Broadcast filed its motion to reopen the case and correct an error in the amended plan of reorganization.

In March of 1993, Broadcast had served a demand notice upon the Davises for full payment under the guarantee. After the Davises failed to pay the guarantee, Broadcast initiated a civil action in the Superior Court of the District of Columbia.

Article VIII of the confirmed plan, which is entitled *"Discharge And Stay Continuation,"* states in part that "[p]ending execution of this Plan ... all creditors will continue to be stayed from proceeding against the Debtor or its assets or its officers or shareholders and any guarantors or endorsers of any claim."

The Davises filed a motion to dismiss the complaint based upon the stay language in the confirmation plan. Broadcast brought the motion to correct the plan because it believed that this court is in the best position to clarify the order confirming the plan.

At the hearing, Broadcast contended that the inclusion of the stay provision was a mistake, and it was the intention of both parties to remove it. However, it became clear at the hearing that the Debtor never intended to remove the stay provision. Then, Broadcast argued that the court lacked jurisdiction to include such a provision.

Broadcast brings this motion pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010. Broadcast claims that it is not barred by res judicata since it is attacking the judgment directly rather than collaterally. Res judicata does not bar a direct attack. The thrust of Broadcast's argument is that the court lacked jurisdiction to stay the creditor from trying to enforce its guaranty against the Davises. 11 U.S.C. § 524 has generally been interpreted to preclude the release of guarantors by a Bankruptcy Court. Broadcast claims that it is not seeking a modification under 11 U.S.C. § 1127(b), but is merely seeking relief that the plan anticipated. The amended plan of reorganization in Article IX, ¶ 9.02 states that the court will "determine any dispute(s) which may arise regarding the interpretation of any provision(s) of the plan." However, if the actions of Broadcast are seen as a modification, then it contends that the court has authority to modify the plan under § 350(b). Section 1127(b) is not limited to the Debtor only. Section 350(b) and Section 1127(b) operate in harmony. If a party can demonstrate good cause for reopening the case under § 350(b), and the court elects to reopen the case, then § 1127(b) does not bar further proceedings. The crux of Broadcast's argument is that the Bankruptcy Court did not have the authority to issue a stay that extends to post-confirmation actions against non-debtor third parties.

The Debtor notes that AmeriTrust on behalf of Broadcast did not object to the plan, but voted to accept the plan. Broadcast itself did not object to the confirmation of the

plan. Neither AmeriTrust nor Broadcast appealed the order confirming the plan. One year after substantial consummation, Broadcast is attempting to modify the plan. The Debtor contends that once the plan has been substantially consummated, it cannot be modified. The Debtor also argues that Broadcast is barred from bringing this action due to res judicata. The portion of the plan that allows the court the power to interpret the meaning of any provision if there is a dispute does not apply since the plan is clear and unambiguous. Broadcast does not cite any cases that involve a stay of a proceeding against guarantors only for the life of the plan. Broadcast tries to place the burden on the Debtor by claiming that it is entitled to have the plan modified. Under § 1127(b), Broadcast has no standing to modify the plan, and the court has no authority to do so.

■ The Debtor cites *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938) and *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987) for the proposition that Broadcast is barred by res judicata from bringing this motion. However, both of these cases are distinguishable from the instant case. Both involved the movant going to a court other than the one that confirmed the plan to seek a modification of the confirmed plan. In *Stoll,* the guarantor's liability was discharged; and in *Republic,* the guarantor's liability was released. In our case, Broadcast has brought this action before the very court that confirmed the plan.

■ The Bankruptcy Court in *In re A.J. Mackay,* 50 B.R. 756 (D.Utah 1985), provided a helpful discussion of res judicata that explains why Broadcast is not barred from bringing this motion. The court provided:

Although the issue of res judicata is discussed by both parties, it is not an issue in this case. Res judicata acts as a bar only when a court is asked to take an action which would effectively modify or reverse the judgment of another court in a case the first court is not reviewing on appeal. That is not the case here. The bankruptcy court is not barred by res judicata from modifying its own prior decision

in the same case. Nor is this court barred by res judicata when reviewing a case on appeal.

It is true that there are limits on a bankruptcy court's power to revoke a plan it has previously confirmed. *See, e.g.,* 11 U.S.C. § 1144. This court is also limited in what issues and orders it can review on appeal from bankruptcy court. *See, e.g.,* 28 U.S.C. § 1334(b); Bankr.R. 8002. Although these limitations are similar to res judicata, they are independent of it. Res judicata is simply not an issue in this case.

*In re A.J. Mackay,* 50 B.R. at 758–59.

■ This court relies upon several Circuit Court decisions for the jurisdiction and authority to stay or enjoin creditors' actions against non-debtors. *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 293 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1992); *In re Prudential Lines Inc.,* 928 F.2d 565, 574 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 82, 116 L.Ed.2d 55 (1991); *In re A.H. Robins Co. Inc.,* 880 F.2d 694 (4th Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989); *MacArthur Co. v. Johns–Manville Corp.,* 837 F.2d 89, 94 (2d Cir.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988); *Matter of UNR Indus., Inc.,* 725 F.2d 1111, 1119 (7th Cir.1984); *See* 11 U.S.C.A. § 105(a) (West 1993); *See also Matter of Specialty Equip. Co., Inc.,* 3 F.3d 1043, 1047 (7th Cir.1993) (Releases that are consensual and non-coercive are in accord with the strictures of the Bankruptcy Code and bind only those creditors voting in favor of the plan of reorganization). These decisions stand for the proposition that non-debtor third parties can be protected from creditors by the bankruptcy court through its equitable powers. The Fifth Circuit [1] stated:

We cannot agree with Republic's argument. At the outset we are not confronted with an issue that requires judicial interpretation of uncertain terms of a Plan; the Plan provision at issue is clear and unambiguous and its intended effect undisputed. Neither can we agree with Republic's argument that we may disregard the release provision on grounds that it was arguably

---

1. *Republic Supply Co. v. Shoaf,* 815 F.2d 1046     (5th Cir.1987).

in excess of the bankruptcy court's grant of authority. Although section 524 has generally been interpreted to preclude release of guarantors by a bankruptcy court, the statute does not by its specific words preclude the discharge of a guaranty when it has been accepted and confirmed as an integral part of a plan of reorganization. Regardless of whether that provision is inconsistent with the bankruptcy laws or within the authority of the bankruptcy court, it is nonetheless included in the Plan, which was confirmed by the bankruptcy court without objection and was not appealed. Republic, in effect, is now seeking to appeal the confirmed Plan and asking us to review it on its merits. Questions of the propriety or legality of the bankruptcy court confirmation order are indeed properly addressable on direct appeal. Republic, however, is now foreclosed from that avenue of review because it chose not to pursue it. The issue before us in this appeal is the application, not the interpretation, of the plan.

*Republic,* 815 F.2d at 1050 (footnotes omitted).

The United States District Court for Northern District of Alabama [2] interpreted the Fifth Circuit's *Republic Supply Co.* decision as standing for the proposition that

[w]hile it is generally true that a bankruptcy court is precluded from releasing non-debtor guarantors, there is no specific provision in the Bankruptcy Code that precludes the release of a guarantor when such release has been accepted and confirmed as an integral part of an unobjected to reorganization plan. *Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1050 (5th Cir.1987). A creditor like Zickler, assuming proper notice, cannot, after the fact, object to a provision in a reorganization plan that has been confirmed by the bankruptcy court without objection thereto and not appealed therefrom. *Id.*

154 B.R. at 758.

■ The court is aware that many decisions have not approved plan provisions that seek to release non-debtor parties or seek to

accomplish the practical equivalent by enjoining action against them. *In re Western Real Estate Fund, Inc.,* 922 F.2d 592 (10th Cir.) modified, *Abel v. West,* 932 F.2d 898 (10th Cir.1991) (Improper to permanently enjoin a creditor from recovering from non-debtor third party); *In re American Hardwoods, Inc.,* 885 F.2d 621 (9th Cir.1989) (A permanent injunction in favor of non-debtor guarantor violates § 524(e)); *Underhill v. Royal,* 769 F.2d 1426 (9th Cir.1985) (Bankruptcy court has no power to discharge liabilities of non-debtor pursuant to consent of creditors of reorganization plan); *Union Carbide Corp. v. Newboles,* 686 F.2d 593, 595 (7th Cir.1982) (per curiam) (a release of a guarantor was ineffective pursuant to Section 16 of the Bankruptcy Act of 1898 despite its acceptance by creditors and its confirmation by the bankruptcy court); *Mellon Bank v. M.K. Siegel,* 96 B.R. 505 (E.D.Pa.1989) (Bankruptcy court has no power to discharge liability of debtor's guarantor who is not party to Chapter 11 case); *In re Elsinore Shore Assn.,* 91 B.R. 238 (Bankr.D.N.J.1988) (Confirmation denied of Chapter 11 plan that provided for the release of creditors' claims against third party non-debtors). Certainly there were not such compelling reasons for the court to exercise its equitable jurisdiction in the case at hand as there were in the mass tort decisions that the court has cited as authority. The court might not have approved these provisions in the plan over objection, but since AmeriTrust on behalf of Broadcast "voted in favor of the plan and did not file [an] objection[ ] or an appeal ... [it is] ... bound by the terms of the Chapter 11 plan." *In re Burner,* 109 B.R. 216, 222 (Bankr. W.D.Tex.1989); *See* 11 U.S.C.A. § 1141 (West 1993).

Broadcast is attempting to change provisions of the plan after confirmation and after substantial consummation. No objection to the plan was filed by Broadcast. AmeriTrust on behalf of Broadcast did not object to the plan, but in fact voted for the plan. No party in interest appealed the confirmation order. Gregory A. Davis also had individual obligations to AmeriTrust. Both AmeriTrust and Broadcast received guarantees from

**2.** *In re North Alabama Anesthesiology Group,*     *P.C.,* 154 B.R. 752, 758 (N.D.Ala.1993).

Gregory A. Davis on loans they had made to the Debtor. Ameritrust was in a position to protect its rights and Broadcast's rights. AmeriTrust may not have thoroughly read the plan which had a stay provision protecting non-debtor third parties. The Court must keep in mind that Broadcast was not forced to loan money to the Debtor and enter into the Subordination Agreement with AmeriTrust. In essence Broadcast is saying that it should not suffer any ill effects from AmeriTrust's not protecting its interests as it would have preferred, although Broadcast freely entered into the Subordination Agreement that put it into this situation. In other words Broadcast does not want to be held responsible for its own actions. Broadcast is now ingeniously attempting to find a new way to appeal the confirmation order.

■ Even if the court saw fit to modify the plan, no vehicle allows the court to do this. Section 1127(b) states:

> (b) The proponent of a plan or reorganized debtor may modify such plan any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

■ Section 1127(b) permits modification of the plan by the proponent or the debtor after confirmation and before substantial consummation. After substantial consummation, a Chapter 11 plan may not be modified. *Goodman v. Phillip R. Curtis Enter., Inc.,* 809 F.2d 228 (4th Cir.1987). One commentator stated that

> only a "proponent of the plan or the reorganized debtor" can modify the plan. In 1978 Congress made an explicit choice to foreclose creditors from proposing such modifications. In effect Congress was telling creditors they should use all of their weapons at the time of the confirmation hearing and if they lose that battle they lost the war.

David G. Epstein Et Al., 3 *Bankruptcy* § 10-33 (1992).

■ Even though only the plan's proponent may file a motion to modify the plan, when the plan contains provisions that are beyond the court's jurisdiction such provisions may be stricken on a motion of one other than the proponent. *In re A.J. Mackay Co.,* 50 B.R. 756, 760 (D.Utah 1985). However, the provisions at issue are not beyond this court's jurisdiction. 11 U.S.C.A. § 105 (West 1993).

This court, in *In re Horne,* 99 B.R. 132 (Bankr.M.D.Ga.1989), addressed the issue of whether a party who is not the plan proponent or reorganized debtor can bring a motion to modify under § 1127(b). The creditor moved to modify the debtor's confirmed Chapter 11 plan to conform the value of its collateral to the price received by the debtor in a post-confirmation sale. The *Horne* court found that § 1127(b) only allowed the proponent of a plan or the reorganized debtor to modify a plan after confirmation. The creditor did not fall into either category. The court in *Horne* held that, pursuant to § 1127(b) of the Bankruptcy Code, the creditor was neither the proponent of the plan nor the debtor and thus was precluded from proposing a post-confirmation modification. 99 B.R. at 135.

Broadcast claims that § 1127(b) and § 350(b) were intended to operate in harmony. If the court reads § 1127(b) as *Horne* does, then this would make § 350(b) moot. Broadcast argues that § 350(b) grants a creditor the authority to modify a confirmed plan. Section 350(b) states: "(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 1993). Broadcast cites two decisions for the proposition that the court can reopen a case and modify a confirmed plan. *In re Case,* 937 F.2d 1014, 1018–19 (5th Cir.1991); *Matter of Seats,* 537 F.2d 1176, 1179 (4th Cir.1976). The *Case* decision provides that a case can be reopened under § 350(b) if it is "necessary to reopen the case to determine if express provisions of the note and the plan should be altered."

*Case,* 937 F.2d at 1018. The court in *Case* did not discuss § 1127 at all. The *Seats* decision was decided under the Bankruptcy Act and not the Bankruptcy Code. The court declines to follow Broadcast's proposed "harmonious" application of § 350(b) and § 1127(b).

■ Broadcast alleges that Article IX, ¶ 9.02 of the Plan gives the court the authority to delete the stay language from the plan. Paragraph 9.02 provides that "[t]he court will retain jurisdiction to determine any dispute(s) which may arise regarding the interpretation of any provision(s) of the plan." The Debtor contends that this paragraph applies only to ambiguous language. The stay provisions are not ambiguous; thus ¶ 9.02 does not come into play.

The language of ¶ 9.02 seems to apply to provisions of the plan that are difficult to discern. Broadcast has not argued that the stay provision in Article VIII is ambiguous. The language of Article VIII is clear and does not cause multiple interpretations. Thus, Article IX ¶ 9.02 does not grant the court the power or jurisdiction to change the stay provision.

A motion under any of Federal Rules of Civil Procedure 52(b) or 59 must be made within 10 days after the entry of the judgment. Broadcast did not bring any motion within the required time. Rule 60 also does not provide Broadcast with any assistance. Rule 60(a) is not applicable since there is not a clerical mistake. Bankruptcy Rule 9024 provides an exception to Rule 60 stating "... (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144...." Fed.R.Bankr.P. 9024. Section 1144 limits a request for a revocation of an order confirming the plan to "... any time before 180 days after the date of the entry of the order of confirmation...." The order of confirmation has been entered for more than 180 days. Thus Bankruptcy Rule 9024 prevents Broadcast from bringing the motion under Federal Rule of Civil Procedure 60.

The court finds that no vehicle is available to Broadcast to bring a motion to correct the confirmed plan. Even if there did exist such a way to bring a motion, the court finds that it indeed has the jurisdiction and authority to approve the stay provision under § 105(a) and the circuit court decisions previously. Thus, for the reasons previously explained, the court denies Broadcast's motion to correct the confirmed Chapter 11 plan.

An order in accordance with this Memorandum Opinion will be entered.

## ORDER

Creditor, Broadcast Capital, Inc., filed a motion to amend or to reconsider the court's judgment of January 18, 1994. The court held a hearing on March 16, 1994 and heard from counsel for the Creditor and for the Debtor. The court also considered written briefs and letter briefs filed by both sides. The court considered the recent decision of the Fifth Circuit in *Edwards v. Armstrong World Indus., Inc.*[1] that the Creditor cited at the March 16, 1994, hearing. The court finds that *Edwards* is distinguishable from the present case where a confirmed plan exists. The Creditor filed an evidence affidavit of John E. Oxendine after the hearing held on March 16, 1994. Since the record was closed, the court did not consider that affidavit.

The court finds that the motion was well taken in that there were a number of errors and omissions in the court's Memorandum Opinion of January 18, 1994. The court has redrafted that Memorandum Opinion and hereby adopts the redrafted Memorandum Opinion dated the same date as this order. The court does not find that the result should be changed as a result of changes in the Memorandum Opinion. Therefore, the court denies the Creditor's Motion to correct an error in the Debtor's amended Plan of Reorganization.

SO ORDERED.

---

1. 6 F.3d 312 (5th Cir.1993).