## In re DAVIS BROADCASTING, INC.

### Civ. A. No. 94–42–COL.

United States District Court,
M.D. Georgia,
Columbus Division.

Aug. 1, 1994.

Stephen Gresham Gunby, Columbus, GA, for Davis Broadcasting, Inc.

Steve Jefferson Davis, Atlanta, GA, for Broadcast Capitol, Inc.

## MEMORANDUM AND ORDER ON APPEAL

ELLIOTT, District Judge.

This is an appeal from a final order entered on March 25, 1994, 169 B.R. 229, in a reopened Chapter 11 bankruptcy proceeding and presents the issue whether the Bankruptcy Court exceeded its jurisdiction and authority in contravention of Section 524(e) of the Bankruptcy Code by approving a post-confirmation stay of creditors' claims against non-party guarantors when such claims do not implicate or relate to *property* of the Debtor or the estate, and whether the Court further erred by failing to strike the stay provision from the Debtor's plan after granting the Appellant's motion to reopen the case. The appeal involves pure questions of law.

The Debtor filed a voluntary petition for reorganization in bankruptcy in May, 1991, and an amended plan of reorganization was confirmed by the Bankruptcy Court in June, 1992. The case was closed by the Bankruptcy Court on November 2, 1992, and was reopened by the Bankruptcy Court on Appellant's motion on September 28, 1993.

The confirmed plan contains a provision staying creditors' actions against third parties, including guarantors of any claim, pending execution of the plan. When the Appellant filed an action against two guarantors of the Debtor's obligations to the Appellant these guarantors raised this stay provision as a defense to the Appellant's enforcement action on their guaranty. The Appellant then sought direct relief from the Bankruptcy Court through a motion to reopen the bankruptcy proceeding. After reopening the case the Bankruptcy Court denied relief to the Appellant from the stay provision, declining to strike the post-confirmation stay.

Article VIII of the Bankrupt's plan purportedly bars the Appellant's claims against the two individuals who were guaran-

tors by providing that "pending execution" of the plan, which will not occur until 1999, "all creditors will continue to be stayed from proceeding against ... any guarantors or endorsers of any claim." It is thus clear that this is a post-confirmation injunction and violates 11 U.S.C. Section 524(e) and accordingly exceeds the power and authority of the Bankruptcy Court because the section referred to prohibits, release or a post-confirmation stay of the obligations of non-party guarantors.

The Court of Appeals for the Eleventh Circuit has made it clear that "confirmation of a debtor's Chapter 11 plan does not discharge the obligations of a third-party guarantor." *In re Sure–Snap Corp.*, 983 F.2d 1015, 1019 (11th Cir.1993). The same view prevails in other circuits. *See Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir.1985) (holding that "the bankruptcy court could not discharge the liability of a nondebtor as part of a reorganization plan") and *Union Carbide Corp. v. Newboles*, 686 F.2d 593, 595 (7th Cir.1982) (holding that "the bankruptcy court has no power to discharge the liabilities of a bankrupt's guarantor," and *R.I.D.C. Indus. Development Fund v. Snyder*, 539 F.2d 487, 490, n. 3 (5th Cir.1976) (holding that "[t]he bankruptcy court can affect only the relationships of debtors and creditors" and therefore "has no power to affect the obligations of guarantors"), cert. denied, 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977).

Of course, the liability of a guarantor is "affected" regardless of whether it is released or, as in this case, stayed for a long period of time.

The Court notes that in the Appellee's brief it is emphasized that the Appellant did not take any action during the bankruptcy proceeding to have the stay eliminated from the plan. The Court does not regard this as being relevant because a creditor's express or implied assent to an improper stay does not, and cannot, confer jurisdiction on the Court to provide such relief. *See Underhill, supra,* and *Newboles, supra.* In *In re A.J. Mackay Company,* 50 B.R. 756, 758, 763 (Bankr.D.C.Utah 1985), just as in this case, a creditor who did not object to the plan or appeal its confirmation was nevertheless entitled to relief from the stay because the Bankruptcy Court lacked power to enter the post-confirmation stay.

In summary, it is the Court's view that in entering the post-confirmation stay complained of the Bankruptcy Court simply committed a jurisdictional error that must be corrected. Accordingly, the Bankruptcy Court's order appealed from is reversed and it is directed that the stay contained in Article VIII of the debtor's plan of reorganization be stricken as exceeding the Bankruptcy Court's authority.

IT IS SO ORDERED.