LEVY, Judge.
In October of 1993, McArthur Dairy brought suit against R.P.D.A., Inc., as well as Fernando Rodriguez, individually. R.P.D.A. conducted business as Varadero Supermarket # 10, and Rodriguez was the principal stockholder of the corporation. The lawsuit was based on the alleged failure of R.P.D.A. to pay for goods it received, and also alleged that Rodriguez was a guarantor of the corporation’s debts.
R.P.D.A. subsequently filed a petition for relief in Bankruptcy Court under Chapter 11 of the Bankruptcy Code. McArthur was an unsecured creditor, and a member of the Official Unsecured Creditors Committee in the bankruptcy proceedings. In the separate State trial court proceedings, McArthur obtained an Order severing its lawsuit in order to proceed solely as to Rodriguez. In December of 1994, a Final Judgment by Consent was entered by the State trial court against Rodriguez, individually, in the amount of $29,628.48.
R.P.D.A., Rodriguez, and the Unsecured Creditors Committee entered into a stipulation of settlement in February of 1995, which the Bankruptcy Court subsequently approved. The settlement agreement provided that the Unsecured Creditors Committee would execute a General Release in favor of Fernando Rodriguez. In April of 1995, Rodriguez filed a Motion to Dismiss and Enter a Satisfaction of the Judgment in the State trial court. He claimed that the release executed in the Bankruptcy Court proceedings released him from any individual liability to McArthur under the prior Consent Judgment executed in the State trial court proceedings.
The circuit court granted the Motion to Dismiss based on the execution of the General Release by the Unsecured Creditors Committee in the Bankruptcy Court proceedings. We disagree with the trial court’s interpretation of the effect of the release, and therefore reverse.
The Final Judgment by Consent entered in the State trial court was a final judgment against Rodriguez and in favor of McArthur Dairy. The General Release subsequently executed in the Bankruptcy Court proceedings was between the Unsecured Creditors Committee and Rodriguez. The Bankruptcy Court took no action which purported to vacate any Final Judgment which any member of the Unsecured Creditors Committee, such as McArthur, had already obtained against Rodriguez individually. Rather, it provided a release or discharge only as to any claims which the Unsecured Creditors Committee had against Rodriguez individually.[1]
As such, the trial court’s dismissal of the final judgment is hereby reversed, with directions that the trial court reinstate the Final Judgment by Consent in favor of Mc-Arthur.
Reversed.

. Based on our disposition of this case, there is no need for us to discuss the issue of whether a Bankruptcy Court even possesses the power to release non-debtor third parties, such as Rodriguez, who are not parties to the Bankruptcy Court proceedings. On this issue, the federal courts are divided. See e.g. In re Lowenschuss, 67 F.3d 1394 (9th Cir.1995); Matter of Zale Corp., 62 F.3d 746 (5th Cir.1995); Underhill v. Royal, 769 F.2d 1426 (9th Cir.1985); In re Davis Broadcasting, Inc., 176 B.R. 290 (M.D.Ga.1994) (courts holding that releases of non-debtor third-parties are completely prohibited); But compare In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285 (2d Cir.1992); MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89 (2d Cir.1988); In re A.H. Robins Co., Inc., 880 F.2d 694 (4th Cir. 1989); In re AOV Indus., Inc., 792 F.2d 1140 (D.C.Cir.1986); In re Monarch Capital Corp., 173 B.R. 31 (D.Mass.1994), aff'd, 65 F.3d 973 (1st Cir.1995) (holding that third-party releases are sometimes permissible, regardless of whether there was complete creditor consent for the provision releasing the third-party nondebtor); with Matter of Specialty Equip. Co., Inc., 3 F.3d 1043 (7th Cir.1993); In re West Coast Video Enter. Inc., 174 B.R. 906 (Bankr.E.D.Pa.1994); In re Union Meeting Partners, 160 B.R. 757 (Bankr.E.D.Pa. 1993) (holding that third party releases are only permissible where those creditors who vote for the plan have also specifically consented to the releases).