**In re AEROSOL PACKAGING, LLC, A Georgia Limited Liability Company, Debtor.**

**Blue Ridge Investors, II, LP, Movant,**

**v.**

**Wachovia Bank, N.A. and Aerosol Packaging, LLC, Respondents.**

**No. 06–67096–MHM.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 22, 2006.

---

Brian L. Schleicher, Robinson, Jampol, Schleicher & Jacobs, Alpharetta, GA, for Debtor.

## ORDER ON BLUE RIDGE INVESTORS II, LP'S MOTION REQUESTING (1) DETERMINATION OF VOTING RIGHTS AND ALLOWANCE OF BALLOT CAST AND (2) VALUATION OF COLLATERAL

MARGARET H. MURPHY,
Bankruptcy Judge.

Hearing was held December 20 and 22, 2006, to consider the Motion of Blue Ridge Investors II, LP's Requesting (1) Determination of Voting Rights and Allowance of Ballot Cast and (2) Valuation of Collateral (the "Motion"). The Motion was filed December 1, 2006. Responses to the Motion were filed by Debtor, and Wachovia Bank, National Association ("Wachovia") (such responses referred to, respectively, as the "Debtor Response" and the "Wachovia Response"; and collectively, the "Responses"). Present at the hearing were Leon Jones and Denise Dotson, attorneys for Blue Ridge Investors II Limited Partnership ("Blue Ridge"); Brian Schleicher, attorney for Debtor; Paul Baisier, attorney for Wachovia; Laura Woodson, attorney for the Official Committee of Unsecured Creditors (the "Committee"); Mark Marani, attorney for Misty Spray, LLC ("Misty Spray"); John Mills, attorney for Harbert Private Equity Fund II, LLC ("Harbert"); George Geeslin, attorney for Geneva Associates Merchant Banking Partners I, LLC ("Geneva"); and Wendy Hagenau, attorney for Batten Capital, LLC ("Batten"). Henry Sewell made a limited special appearance on behalf of Blue Ridge, Geneva, Tom Minick and Russ Myers, defendants in a separate Adversary Proceeding filed by Debtor, and did not participate in the present proceeding.

Also, Debtor's Revised Second Amended Plan of Reorganization (the "Plan") was scheduled for hearing on confirmation December 20, 2006, at 10:00 a.m., pursuant to 11 U.S.C. § 1129, at the same time that the Motion was scheduled for hearing. The Motion raises threshold issues that require resolution before consideration of Plan confirmation. As announced in court December 22, 2006, this order memorializes that ruling.

### FINDINGS OF FACT

On December 13, 2006, Blue Ridge filed a Class 5 Ballot voting to reject the Plan, accompanied by a Statement Concerning Ballot in which Blue Ridge asserts that it rejects the Class 3A treatment provided by the Plan for Blue Ridge and seeks the alternative treatment under the Plan for the claims Blue Ridge currently holds against Debtor and its estate. Also on December 13, 2006, prior to the filing by Blue Ridge of the foregoing ballot and statement, Wachovia filed a Class 3A Ballot in the name of Blue Ridge pursuant to the terms of the Subordination Agreement (as defined below). In that ballot, Wachovia voted the Class 3A claim of Blue Ridge to *accept* the Plan, thereby agreeing to the primary treatment proposed by Debtor under the Plan for the claims Blue Ridge holds against Debtor and its estate.

Consequently, a determination appears necessary as to which of the two ballots filed with respect to the claims of Blue Ridge against Debtor should be recognized with respect to confirmation of the Plan. If the ballot filed by Wachovia is recognized as valid, then Blue Ridge will be deemed to have accepted the treatment provided for Blue Ridge under the Plan as the holder of the claims in Class 3A with the attendant requirements and distributions

as set forth in the Plan. Conversely, if the ballot filed by Blue Ridge is recognized as valid, then Blue Ridge will be deemed to have rejected the primary treatment provided for Blue Ridge's claim under the Plan and the alternative treatment provided under the Plan would be applicable. The alternative treatment, of necessity, would require a valuation of any collateral alleged to secure the Blue Ridge claim with the attendant requirements and distributions under the Plan being provided to any such secured claim.[1] Any portion of Blue Ridge's claim that is not allowed as secured would, pursuant to 11 U.S.C. § 506, be treated as unsecured, and therefore would be included in Class 5 with other general unsecured creditors. In the Motion, Blue Ridge requested such a valuation hearing.

Also in its Motion, Blue Ridge acknowledges and admits that on or about December 5, 2002, in connection with the making by Wachovia of a loan to Debtor, Blue Ridge and Debtor executed a Subordination Agreement in favor of Wachovia (as successor by merger to SouthTrust Bank) (the "Original Subordination Agreement"), which Original Subordination Agreement was later amended and modified twice by the parties (the Original Subordination Agreement, as so amended and modified, the "Subordination Agreement"). As a result, Wachovia is a party to and is entitled to rely upon the terms of the Subordination Agreement, for which it negotiated in good faith at the time Wachovia agreed to make a loan to Debtor. Additionally, Debtor is a party to, and beneficiary of, the Subordination Agreement and should likewise be entitled to rely upon its enforcement. A copy of the Original Subordination Agreement and the two amendments thereto were attached to the Motion by Blue Ridge as Exhibit "A." The parties do not dispute that the documents attached to the Motion represent the Subordination Agreement between them.

Pursuant to the express terms of the Subordination Agreement, both the Blue Ridge claims against Debtor and its liens on the assets of Debtor were subordinated in all respects to the claims and liens of Wachovia against Debtor. Blue Ridge agreed to refrain from taking other actions with regard to Debtor until Wachovia was paid in full in cash, and also agreed to permit Wachovia to take certain actions on its behalf until Wachovia was paid in full in cash. More particularly, in Section 4 of the Subordination Agreement, Blue Ridge irrevocably authorized and empowered Wachovia, as the senior secured party, to take certain actions in Wachovia's own name and in the name of Blue Ridge, to the detriment of Blue Ridge, as the junior secured party subordinate to Wachovia. Irrespective of the current preference of Blue Ridge, the Subordination Agreement's broad grant of authority to Wachovia affects significant substantive rights otherwise possessed by Blue Ridge, including, among others, (i) the right to vote the claims of Blue Ridge in any bankruptcy proceeding of Debtor, (ii) the right to demand, sue, collect or receive any distribution of any assets of Debtor distributed to creditors of Debtor, and (iii) the right to recover any amounts payable on the Blue Ridge claims until such time as the Wachovia claims are paid in full in cash.

In its Motion, Blue Ridge asserts that the right of Wachovia under the terms of the Subordination Agreement to vote the claim of Blue Ridge in this case is unenforceable, and asks this Court to declare that Blue Ridge, and not Wachovia, is entitled to vote the Blue Ridge claim in this bankruptcy case. In support of its asser-

---

1. Subject to the outcome of Adversary Proceeding 06–9106.

tion, Blue Ridge cites *Bank of America, N.A. v. North LaSalle Limited Partnership,* 246 B.R. 325 (Bankr.N.D.Ill.2000), and relies heavily on this opinion as support for its position. Debtor takes the position that the *LaSalle* decision is wrongly decided and cites as contrary authority *In re Curtis Center Limited Partnership,* 192 B.R. 648 (Bankr.E.D.Pa. 1996); *In re Inter Urban Broadcasting Cincinnati, Inc.,* 1994 WL 646176 (E.D.La. 1994); *In re Davis Broadcasting, Inc.,* 169 B.R. 229 (Bankr.M.D.Ga.), *rev'd on other grounds,* 176 B.R. 290 (M.D.Ga.1994); and *Matter of Itemlab, Inc.,* 197 F.Supp. 194 (E.D.N.Y.1961). Wachovia likewise takes the position that *LaSalle* is wrongly decided, and that Wachovia is entitled to vote the claim of Blue Ridge under the express terms of the Subordination Agreement because (i) 11 U.S.C. § 1126 merely grants the holder of a claim the right to vote, but says nothing about whether such right may be delegated or bargained away; (ii) 11 U.S.C. § 510(a) maintains the enforceability of subordination agreements in bankruptcy cases to the same extent as they are enforceable under applicable nonbankruptcy law, and the Subordination Agreement is enforceable under applicable nonbankruptcy law; (iii) cases regarding the unenforceability of waivers of bankruptcy rights are inapposite as they all relate to such waivers by the debtor, which raises different policy concerns not at issue here; and (iv) Federal Rules of Bankruptcy Procedure 3018 and 9010 both permit agents and other representatives to vote claims, and Wachovia is such a party. Both Debtor and Wachovia thus take the position that, pursuant to the express terms of the Subordination Agreement, Wachovia alone holds the right to vote the claim of Blue Ridge in this case, and thus the Wachovia Class 3A ballot (and not that of Blue Ridge) should be recognized by this Court.

All parties in interest have had an opportunity to be heard with respect to the Motion, and due consideration has been accorded to the Motion, the Responses, the authority cited by the parties, and argument of counsel.

## CONCLUSIONS OF LAW

Section 510(a) of the Bankruptcy Code expressly provides that "[a] subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a). As a consequence, unless the Subordination Agreement is not enforceable under applicable nonbankruptcy law, the Subordination Agreement should be enforced by its terms. Blue Ridge has provided no evidence, argument or authority that the Subordination Agreement is not enforceable under applicable nonbankruptcy law.

Blue Ridge asserts that as the holder of its claim, only Blue Ridge is entitled to vote the claim pursuant to 11 U.S.C. § 1126(a), which states in relevant part that "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan...." 11 U.S.C. § 1126(a). Blue Ridge asserts that, under *LaSalle,* a plain reading of 11 U.S.C. § 1126 should compel the conclusion that *only* Blue Ridge may vote its claim. Blue Ridge further asserts that "[n]either Wachovia nor the Debtor has any interest in preserving or protecting Blue Ridge's interests. The bankruptcy and non-bankruptcy rights that Debtor proposes to waive and/or impair certainly affect Blue Ridge, and Blue Ridge has a substantial interest to protect such rights, including, without limitation, seeking a determination as to its secured claim under Section 506 of the Bankruptcy Code and preserving its rights, claims, defenses, and causes of ac-

tion against non-debtor entities." *Motion,* paragraph 37.

Conversely, Debtor and Wachovia argue that 11 U.S.C. § 1126(a) merely grants a right to vote but says nothing about whether the party to whom it is granted may delegate it to another or bargain it away. They further argue that 11 U.S.C. § 510 preserves the enforceability of the Subordination Agreement, and that Federal Rules of Bankruptcy Procedure 3018 and 9010 support the ability to delegate, assign or otherwise transfer the right to vote a claim from the holder of the claim to others. As a result, they argue that Blue Ridge has assigned, among other things, its rights to vote any claim in the Debtor's bankruptcy case to Wachovia pursuant to the express terms of the Subordination Agreement.

Section 1126(a) grants a right to vote to a holder of a claim, but does not expressly or implicitly prevent that right from being delegated or bargained away by such holder. Section 510(a) renders a subordination agreement enforceable to the extent enforceable under applicable nonbankruptcy law. The Subordination Agreement appears to be enforceable under Georgia law, which is the applicable nonbankruptcy law. Federal Rules of Bankruptcy Procedure 3018 and 9010 explicitly permit agents and other representatives to take actions, including voting, on behalf of parties.

In this case, Wachovia is acting as a duly authorized agent of Blue Ridge, similar to the actions of a real estate lender acting as the agent for the borrower in executing a deed under power of sale in Georgia to convey title to foreclosed property at a foreclosure sale (*i.e.,* as an agent having a power coupled with an interest). In both instances, the agent acts in its own interests, and not in those of the purported principal.

The express terms of the Subordination Agreement—to which Blue Ridge is a party and to which it agreed—compel the conclusion that the right to vote any claim of Blue Ridge in Debtor's bankruptcy proceeding was assigned by Blue Ridge to Wachovia. The result is that Wachovia would, in the event of a bankruptcy, vote the Blue Ridge claim and take other actions in support of its own interests and potentially contrary to the wishes and immediate interests of Blue Ridge. Blue Ridge is, however, not without remedy. Blue Ridge may free itself from the ongoing effect of the Subordination Agreement by paying the Wachovia claim in full in cash. Accordingly, it is hereby

**ORDERED** that Blue Ridge's Motion is denied: pursuant to the express terms of the Subordination Agreement, Wachovia is entitled to vote the claim of Blue Ridge in Debtor's bankruptcy proceeding; the Class 3A ballot filed by Wachovia on behalf of Blue Ridge to accept the Plan is recognized as the valid ballot of Blue Ridge, and Debtor is entitled to recognize such ballot in tabulation of the votes on confirmation of its Plan; the ballot filed by Blue Ridge rejecting the Plan is invalid and will not be recognized.

Because the Class 3A ballot has been voted to accept the Plan so that the primary treatment provided to Blue Ridge under the Plan will be applicable to Blue Ridge, the alternative treatment for the Blue Ridge claim under Debtor's Plan is not applicable, and no valuation hearing is necessary. It is further

**ORDERED** that Counsel to Debtor is directed to serve a copy of this Order within three days after its entry upon the docket, upon counsel to Blue Ridge, Wachovia, the Committee, Harbert, Misty Spray, Batten, Geneva, the twenty largest

unsecured creditors, and all other parties requesting notices in this case.

**IT IS SO ORDERED.**